JUDGE ROBERTSON
delivered the opinion of the court:
The prima facie presumption of an acceptance of the deeds A, B, arising from their acknowledgment and reg *249 istration, is sufficiently repelled by the positive denial in the answer, and especially as that denial is fortified by the failure to answer the cross-petition.
Judicially, therefore, the contract of sale must, on this record, stand in the attitude in which it stood before those conveyances were acknowledged, and must, on this appeal, be treated as still executory. And thus considering it, the tacitly admitted deficiency of title in the appellees, and the prayer for a perfection of it, constitute a good defense to the action; and, consequently, the appellant having a right to insist, as he does, on a specific execution of the contract by a conveyance of a perfect title, the circuit court erred in requiring him to elect to accept the deed A, or rescind the contract before the appellees had either answered the cross-petition or attempted to procure a satisfactory title; and erred also in decreeing a sale of the store-house property, when the title is so questionable as to prevent a sale for a fair price. Before either a judgment in favor of the appellees, or a sale of the property, or a rescission of the contract, the appellees should traverse the material allegations of the amended answer and show a good title, or be required to endeavor, in good faith, to procure one, which the answer avers that they could do. Consequently, in compelling the election and in ordering the sale, the circuit court erred to the prejudice of the appellant.
There was no error in intimating that there was a failure of consideration for the thirteen acres conveyed by deed B. But that suggestion was not a final and revisable judgment, and should not be so made until the whole case shall be properly prepared for adjudication.
But there was error also in decreeing a sale before the case was prepared on the question of off-set, pleaded by the appellant and not yet denied by the appellees.
*250 Wherefore, the extorted election is set aside; the judgment for the unpaid consideration for the store-house property and for a sale of that property is reversed; the cross-appeal dismissed as premature and unmaintainable, and the cause remanded for further proceedings consistent with this opinion.
Judge Peters did not sit in this case.