CASE 39—PETITION ORDINARY—JUNE 26.

# Boyd vs. Day & Gorrell.

APPEAL FROM BATH CIRCUIT COURT.

1. All objection to a defense plead as a counter-claim and set-off, which was not, in any manner, connected with the note sued on, is waived by a replication and issue.

2. B. sold to D. & G. a horse, with general warranty of title, and a special guaranty that they would not be disturbed in his possession by the military authorities of the United States, because of a brand upon the shoulders of the horse. D. & G. sold the horse, and he was taken by soldiers and retained by the officer in command. D. & G. refunded the purchase price to their vendee.

   To authorize D. & G. to recover against B., on the general warranty of title, it must appear that they, or their vendee, had been evicted by a superior title, and that they had refunded the money because of their warranty to their vendee.

   To authorize a finding in favor of D. & G. against B., on the special guaranty, it must appear that they had made a special guaranty to their vendee, and, because thereof, they had refunded the money.

B. D. LACY,                                    For Appellant.

NESBITT & GUDGELL,                             For Appellees.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

In the sale of the horse by Boyd to Day & Gorrell, there was a general warranty of title, and a special guaranty that they would not be disturbed in his possession, by the military authorities of the United States, because of a brand upon the shoulders. Day & Gorrell, having sold the horse, soon thereafter, some soldiers took

both the horse and purchaser to their camp, where the horse was retained by the officer in command, but the purchaser was released from arrest.

Day & Gorrell refunded the purchase price to their vendee; but whether this was done voluntarily or because of their general warranty of title, or special guaranty because of the brand on the horse, does not appear.

Boyd having sued Day & Gorrell upon a note which he held upon them, they pleaded the loss of said horse by way of counter-claim and set-off; to which Boyd replied, without demurrer or other motion, and went to trial upon the issue.

However improperly pleaded as a counter-claim, not being connected, in any manner, with the note sued on, or even if improper as a set-off, which we do not even intimate, yet all objections thereto were waived by the replication and issue.

The court was asked, by Boyd's counsel, to instruct the jury, that if they believed from the evidence that Day & Gorrell had sold the horse, and he was taken from the possession of their vendee by the military authorities, then they should find for Boyd; which the court refused.

To authorize a finding in favor of Day & Gorrell on the general warranty of title, it must appear that they, or their vendee, had been evicted by a superior title, and that Day & Gorrell had refunded the money because of their warranty to their vendee.

. To authorize a finding in their favor on the special guaranty, it must appear that they had made a special guaranty to their vendee, and, because thereof, they had refunded the money.

Neither a paramount title in the United States government or its military officer, nor a special guaranty by

Day & Gorrell to their vendee, was shown in this case; hence the instruction, as the evidence stood, should have been given.

Wherefore, the judgment is reversed, with instructions for a new trial and further proceedings consistent herewith.