WILLIAM P. ADAMS *v.* H. J. CRAYCROFT, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—330.]

**Peremptory Instruction.**

Where there is some evidence conducing to prove the contention of a party, it is error for the court to instruct the jury to find for the other party. The evidence in such a case should be submitted to the jury for its determination.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

October 21, 1880.

OPINION BY JUDGE COFER:

Upon a re-examination of the record in this case we are satisfied that the assignee of Craycroft, having been made a party plaintiff and both having replied to the cross-action and denied that either had wrongful possession of the mules, and also denied appellant's title, the objection to the original answer arising on the record as it stood when that pleading was filed has been obviated. Having answered the cross-action on the merits and gone to trial without objecting that it could not be set up in this case, it was too late to make that objection, if indeed it could ever have been successfully made in view of the alleged insolvency of Craycroft. *Boyd v. Day,* 3 Bush 617.

The issue presented was triable at law, and there was some evidence conducing to prove that the mules belonged to the appellant which ought to have been submitted to the jury, and the court erred in instructing them to find for the plaintiff. If they had found for the appellant the judgment would have been for any damages found, and for the recovery of the mules if to be had; if not, for their value as found by the jury. The damages found, if any, could have been set off by the common-law court against the note sued on. But the alternative judgment for the mules or their value could not have been set off at law against the note, at any rate not until a return that the mules could not be found. The court would, therefore, have been compelled to render judgment for the plaintiffs for the excess of the note over the damages found in favor of the defendant.

But if this had been done the defendant might have enjoined the judgment against him, if necessary, until he could get a return if the mules were not to be had, and then, having a judgment for their value he could set it off under the statute providing for setting off judgments against each other. As it is not at all possible that the mules can now be had, and as there has been a conversion of them if they belonged to the appellant, it will shorten and simplify this litigation if the appellant is permitted to file an amendment setting up the conversion as proposed in the amendment rejected by the court.

Judgment *reversed* and cause remanded for further proper proceedings.

*James S. Pirtle, N. T. Crutchfield, for appellant.*
*Russell & Helm, for appellees.*

[Distinguished, *Rennebaum v. Atkinson*, 21 Ky. L. 587, 52 S. W. 828.]