## Payne v. Vowels, et al.

(Decided October 6, 1916.)

### Appeal from Daviess Circuit Court.

1. Pleading—Set-off—When Available.—Where plaintiff sued defendants to enjoin them from maintaining a ditch on their land and

for damages growing out of its maintenance, a claim by defendants that plaintiff wrongfully maintained an embankment on his land and thereby injured defendant's land is not available as a set-off, since such cause of action does not arise upon a contract, judgment or award in favor of the defendants.

2.  Pleading—Counter-claim—When Available.—Where plaintiff sued defendants to enjoin them from maintaining a ditch on their land and for damages growing out of its maintenance, a claim by defendants that plaintiff wrongfully maintained an embankment on his land and thereby injured defendants' land is not available as a counter-claim, since such a cause of action does not arise out of the transaction stated in plaintiff's petition as the foundation for his claim, and is not in any way connected with the subject of the action.

3.  Pleading—Set-off—Counter-claim—Improper Pleading—Practice.— The improper pleading of a set-off or counter-claim may be raised by a general demurrer or a motion to strike.

4.  Pleading—Set-off—Counter-claim—Improper Pleading—Objection— Waiver.—The objection that a cause of action pleaded by defendants is not the proper subject for a set-off or counter-claim is not waived by the filing of a demurrer after issue is joined prior to the submission of the case, but renders the plaintiff liable for all costs growing out of his failure to file the demurrer in proper time.

JAMES J. SWEENEY and W. T. ELLIS for appellant.

E. B. ANDERSON and C. M. FINN for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Appellant is the owner of a tract of land containing seventy acres, lying north of a tract of land owned by appellees containing seventy-five acres. Between the two tracts is a county road. On the north side of the road and on the south side of appellant's land there is a ditch running the entire length of appellant's land and emptying into a ditch built by the county. On the south side of this ditch is an embankment, whose height varies from one to three feet. On appellees' land is a ditch running north and south for a distance of about one hundred and fifty yards.

This suit was originally brought by appellant against appellees to enjoin them from maintaining the one hundred and fifty yard ditch, on the ground that it diverted the natural flow of the water and injured appellant's land, and to recover damages therefor. Appellees filed an answer, set-off and counter-claim, denying the allega-

tions of the petition and pleading that the embankment above referred to diverted the natural flow of the water and injured their land. They asked that appellant be enjoined from maintaining the embankment and for damages growing out of its maintenance. On May 10th, 1912, appellant began the taking of testimony by deposition. These depositions were filed on May 16th, 1912. On May 27th, 1912, appellant filed a demurrer to the second paragraph of the answer, asking that the embankment be removed and that appellees be awarded damages for its maintenance. On final hearing the chancellor granted the relief asked for by both parties and then transferred the case to the common law docket for the purpose of having a jury pass on the question of damages. Appellant's claim for damages was not allowed. Damages in the sum of $310.00 were awarded appellees. From the above judgments this appeal is prosecuted.

The principal ground urged for reversal is the failure of the trial court to sustain the demurrer to the second paragraph of appellees' answer, set-off and counterclaim. A set-off is a cause of action arising upon a contract, judgment or award in favor of a defendant against a plaintiff, or against him and another; and it cannot be pleaded except in an action upon a contract, judgment or award. Civil Code, section 96, subsection 2. A counterclaim is a cause of action in favor of a defendant against a plaintiff, or against him and another, which arises out of the contract, or transactions, stated in the petition as the foundation of plaintiff's claim, or which is connected with the subject of the action. Civil Code, section 96, subsection 1. Here appellee's cause of action does not arise upon a contract, judgment or award in their favor against the appellant, or against him and another. It, therefore, follows that the cause of action stated in the second paragraph of appellees' answer is not available as a set-off. Nor is it available as a counter-claim. Appellant sued to enjoin the maintenance of a ditch located on the farm of appellees and to recover damages growing out of the diversion of the natural flow of the water by the ditch. In the second paragraph of their answer the appellees ask that appellant be enjoined from maintaining the embankment located on his land and for damages growing out of the diversion of the water by the embankment. Clearly this cause of action does not arise out of the transaction stated in appellant's pe-

tition as the foundation for his claim, nor is it connected in any way with the subject of the action. On the contrary, it is a separate independent cause of action and cannot, therefore, be the subject of a counter-claim.

But appellees insist that appellant waived his right to object to the second paragraph of their answer, set-off and counter-claim, because he first filed a reply and began taking his proof before filing a demurrer. In support of this position appellees rely on the cases of Boyd v. Day, 3 Bush 617, and Lee v. Russell, 18 R. 953, 38 S. W. 874. In the case of Boyd v. Day, *supra,* Boyd sued Day and Gorrell upon a note. They pleaded the loss of a horse by way of counter-claim and set-off. Without filing a demurrer or other motion, Boyd went to trial upon the issue. The court held that all objections to the counter-claim were waived by the replication and issue. In the case of Lee v. Russell, *supra,* there was a defect of parties. No demurrer was interposed until long after the filing of the reply joining issue on the merits of defendant's claim. In deciding the case the court proceeded on the theory that there was a defect of parties, which could be raised only by special demurrer, and that under section 92, subsection 4 of the Civil Code, this ground of objection was waived by the reply. A special demurrer is an objection to a pleading which shows: (1) that the court has no jurisdiction of the defendant or of the subject of the action; or (2) that the plaintiff has no legal capacity to sue; or (3) that another action is pending in this State, between the same parties, for the same cause; or (4) that there is a defect of parties, plaintiff or defendant. Civil Code, section 92, subsections 1, 2, 3 and 4. In the case under consideration the court had jurisdiction both of the parties and of the subject of the action. Appellees had the legal capacity to sue. No other action was pending in this State, between the same parties, for the same cause. There was no defect of parties, plaintiff or defendant. Clearly, therefore, the impropriety of the set-off and counter-claim is not a question to be raised by special demurrer. The only way to raise the question, therefore, is by a motion to strike, or a general demurrer which challenges the cause of action pleaded in the set-off and counter-claim. The question in such a case is whether or not the set-off and counter-claim states a cause of action which is available as a defense against the claim of plaintiff.

Where the set-off or counter-claim is improperly pleaded, it does not state a ground of defense. Under our Code, failure to file a general demurrer on the ground that the answer does not state a ground of defense does not amount to a waiver, but a failure to file the demurrer in proper time will render the party so failing liable for all costs resulting from such failure. While it is true that in this case appellant first joined issue on the set-off and counter-claim and subsequently filed a demurrer, the demurrer was filed before submission of the case. We, therefore, conclude that the objection to the set-off and counter-claim was not waived, but that appellant was merely rendered liable for the costs accruing out of such failure. Since the set-off and counter-claim could not be pleaded in this action and since the objection thereto was not waived, it follows that the set-off and counter-claim should have been dismissed without prejudice to a future action thereon, and that appellant should have been held liable for the costs growing out of his failure to file the demurrer in time.

The judgments in favor of appellees are reversed and cause remanded for proceedings consistent with this opinion.