## Burley Tobacco Growers' Co-operative Association v. Boyd.

(Decided May 1, 1928.)

### Appeal from Barren Circuit Court.

Set-off and Counterclaim.—In action by member of co-operative marketing association for failure to account for proceeds of tobacco delivered to defendant, for which defendant delivered participation certificates, defendant could, under Civil Code of Practice, sec. 96, file counterclaim for liquidated damages for member's breach of contract in failing to deliver certain crops, since

counterclaim was based on contract which was basis of plaintiff's action.

ROBERT H. HAYS, W. E. JONES and AARON SAPIRO for appellant.

C. H. HATCHETT for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

J. P. Boyd, Jr., brought this action against the Burley Tobacco Growers' Co-operative Association. He alleged in his petition that he was then and had been a member of the association since the —— day of——, 19——; that when he became a member of the association he signed and executed to it a written contract, which is now in the possession of the defendant, binding the defendant to account to him for the proceeds of his tobacco when sold by it; that he was unable to file the writing as it was in the defendant's possession. He alleged that after he became a member he delivered to the defendant his crop of tobacco grown in the year 1924, and on different dates it delivered to him participation certificates or receipts for the tobacco so delivered, all of which it had sold, but had failed to account to him for the balance of the proceeds in its hands, amounting to $301.10, for which he prayed judgment.

The defendant filed answer in which it set out the quantity of tobacco the plaintiff had delivered to it and what it brought and what had been accounted for, and alleged that the balance in its hands was only $266.43. It alleged that he became a member of the association and executed on November 9, 1921, an application for membership, which was duly accepted by the association, and the association was duly organized on January 16, 1922, and thereupon made a contract with him by which he agreed to deliver to it all the tobacco produced by or for him or acquired by him as landlord or lessor during the years 1921 to 1925, inclusive, and the defendant was to sell the tobacco and account to the plaintiff for the proceeds according to the contract referred to in the petition, which was the contract under which the plaintiff delivered the 1924 crop of tobacco named in the petition. The defendant pleaded by way of counterclaim that the plaintiff had failed to deliver to the association his 1925 crop of tobacco, amounting to 6,000 pounds, or his 1926 crop of tobacco, amounting to 8,400 pounds, and had sold

this tobacco to other persons in violation of his contract above named; that by the written contract 5 cents a pound was agreed upon as liquidated damages for all types and grades of tobacco for the breach thereof; and that by the plaintiff's breach of the contract the defendant had been damaged in the sum of $720, for which judgment was prayed. The circuit court sustained a demurrer to the paragraph of the answer pleading the counterclaim of $720 and entered judgment in favor of the plaintiff. The defendant appeals. Section 96 of of the Civil Code provides:

> "A counterclaim is a cause of action in favor of a defendant against a plaintiff, or against him and another, which arises out of the contract, or transactions, stated in the petition as the foundation of the plaintiff's claim, or which is connected with the subject of the action."

Under this section a counterclaim may be a cause of action in favor of the defendant which arises out of the contract stated in the petition as the foundation of the plaintiff's claim. The foundation of the plaintiff's claim is the contract he made with the Burley Tobacco Growers' Co-operative Association, under which he became a member of the association. On what terms it was to hold and sell the tobacco, what part of the proceeds it should keep, or what part it should pay to him, are matters that can only be determined from that contract. It is true the association after this contract was made, and pursuant to the contract, delivered to the plaintiff receipts for his tobacco as he delivered the tobacco; but these receipts, or, as they were called, "participation certificates," were only participation certificates entitling him to participation pursuant to the contract under which these certificates were issued. His cause of action is not upon these participation certificates. His cause of action is upon the contract, and the participation certificates are only evidence of the amount of the tobacco delivered under the contract. The counterclaim is based upon the contract, which is the basis of the plaintiff's action. The amount payable on the participation certificates must be determined from the contract under which they were issued. The demurrer to the counterclaim was therefore improperly sustained. Newman on Pleading, sec. 602; Moore v. Caruthers, 17 B. Mon. 669; Murphy v. Hubble, 2 Duv. 247; Bell v. Bell, 167 Ky. 430, 180 S. W. 803.

The circuit court seems to have understood Duff v. Wilking, 203 Ky. 817, 263 S. W. 373, as laying down a different rule. In that case the plaintiffs sued on a note for a thousand dollars, given on January 30, 1919, for an oil and gas lease. By counterclaim the defendant pleaded that on July 2, 1918, he owned the oil and gas lease and assigned it to the plaintiff; that defendant undertook to develop it and failed to do so, to his damage in the sum of $3,000. In that case the defendant sought to plead as a counterclaim damages accruing from the breach of a contract made on July 2, 1918, when sued on a note given on an entirely distinct contract on January 30, 1919. In that case the counterclaim did not arise out of the contract sued on in the petition, but out of a separate and distinct contract made eight months before.

Judgment reversed and cause remanded for further proceedings consistent herewith.