# Great Atlantic & Pacific Tea Co. v. Lexington-Hazard Express Co.'s Receiver.

(Decided Nov. 22, 1932.)

HUNT & BUSH and B. L. KESSINGER for appellant.

FOWLER, WALLACE & FOWLER for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

The Lexington-Hazard Express Company, on the 28th of November, 1930, by an order of the Fayette circuit court, was placed in the hands of a receiver. Leer Buckley was appointed and qualified as such under the order. Between the 29th day of December, 1930, and the 6th day of January, 1931, the receiver did hauling at an agreed price amounting to $598.70, for the Great Atlantic & Pacific Tea Company. Of this sum, $185.80 was paid to the receiver, leaving due $412.98. To recover this balance, he instituted this action in the Fayette circuit court. It filed an answer,

counterclaim, or set-off, consisting of eight paragraphs. In the first, it alleged that between the 31st of December, 1930, and January 2, 1931, for a consideration, it delivered to the receiver for transportation to Hazard, Fleming, Neon, Jackson, and Vico, Ky., goods, wares, and merchandise of the value therein alleged, to be delivered by him at its stores operated at these points; that he agreed to carry and safely deliver, in good condition, the same at its places of business located in the towns named, but that he negligently failed to do so; that on January 2, 1931, his agent and servant who was operating the conveyance, negligently turned it over and caused them to be wholly destroyed and lost. In each of the other seven paragraphs it was alleged that on certain days it delivered to him, for carriage and transporation to designated points, certain cases of goods which were in good order at the time of delivery and of the value stated in each paragraph, to be safely carried and delivered, but that he negligently failed to do so, and that its goods were entirely lost to its damage in the amount therein stated.

A demurrer was filed to paragraphs 2, 3, 4, 5, 6, 7, and 8. It was sustained to each of them with leave to amend. The allegations of the petition were not traversed. The counterclaim or set-off was the only defense presented in the answer. The receiver entered a motion to have the petition taken as confessed. His motion was sustained, and judgment was entered in his favor for the amount of his debt, with interest and costs. It reserved an exception thereto, and declined to amend its answer, counterclaim, or set-off, which was dismissed without prejudice. A judgment in favor of the receiver was entered prior to the entry of the order dismissing the answer, counterclaim, or set-off as presented in paragraphs 2, 3, 4, 5, 6, 7, and 8. Thereafter paragraph 1 of the answer was traversed by reply. Before the defendant declined to amend its answer, counterclaim, or set-off, it entered a motion to set aside the judgment for the $412.98 on the ground that it was erroneously entered and on the further ground that it had paid the receiver $58.28, the amount in excess of his claim against it. It is insisted that to the amount of $354.70, the aggregate of its claims against the receiver, constituted a defense. Also the judgment was entered before the expiration of the time granted it in which to amend its answer, counterclaim, or set-off, and

that the judgment was entered without notice to it. Counsel in their brief fail to point out, and we are unable to conceive, the ground on which the demurrer to paragraphs 2, 3, 4, 5, 6, 7, and 8 was sustained. It is very clear that each of them stated a cause of action against the receiver. The appellant was clearly entitled to have settled in one action its claims against the receiver which arose out of the damage to, or loss of, its goods, wares, and merchandise while being transported by him. It was entitled to have a credit on his claim against it for any valid claims which it had against the receiver, arising out of the contract pertaining to the transportation and delivery of its property. Burley Tobacco Growers' Ass'n v. Boyd, 224 Ky. 271, 6 S. W. (2d) 241. Even if the allegations of paragraphs 2, 3, 4, 5, 6, 7, and 8 were not sufficient to constitute a counterclaim or set-off, the sufficiency of paragraph 1 to state a cause of action not being disputed, at least the amount therein sought to be recovered, constituted a defense to that extent to the claim set up in the petition. Payne v. Vowels, 171 Ky. 377, 188 S. W. 413; Moore v. Caruthers, 17 B. Mon. 669, 681; Skillman v. Hamilton, 1 Bush, 248; Newman's Pleading & Practice (2d Ed.) sec. 486.

Newman's Pleading & Practice, sec. 486, states the rule in this language:

"As a counterclaim usually goes to the merits of plaintiff's demand, in whole or in part, no judgment can in general be rendered against the defendant as to the part contested by the counterclaim or set-off until the issue formed upon the counterclaim is disposed of, even if there by no express denial of issue formed upon the original cause of action set forth in the plaintiff's petition. If there be a portion of plaintiff's demand not contested, he will of course be entitled to a judgment for that part; but if the counter-claim extend to the whole amount of plaintiff's demand, a judgment must be withheld until the claim is determined; and if anything be found due to the defendant on his counterclaim the plaintiff's demand should to that extent be reduced; and if the counterclaim should exceed the sum due to the plaintiff, the judgment should be rendered for the defendant for the amount of the excess."

This pronouncement is authorized by the Civil Code of Practice, and sets out clearly the correct procedure in such cases. Section 95 of the Civil Code provides what an answer may contain, and includes "a statement of facts which constitute a set-off or counterclaim."

Section 380 contains this clause:

"If only a part * * * be controverted, judgment may at any time be rendered for the part not controverted."

It is written in section 387:

"If the defendant establishes a set-off or counterclaim, and the plaintiff fail in his action; or if the set-off or counterclaim exceed the sum to which the plaintiff is entitled, judgment should be rendered for the defendant accordingly."

Section 359, Civil Code of Practice, authorizes the entry of a default judgment, in an action "in which no issue of fact has been formed; and, upon failure to defend."

The counterclaim or set-off set up in the answer constituted a defense within the meaning of these provisions of the Code, to the amount thereof, and the plaintiff was entitled to a judgment only for the amount of his claim in excess of the counterclaim or set-off.

A practice that would allow a court to render judgment for the plaintiff for his debt, leaving the counterclaim or set-off to be tried, would be not only unreasonable but unfair, as the plaintiff's would be collectible by the processes of the law, and the counterclaim or set-off unenforceable until tried on its merits.

For the reasons indicated, the judgment is reversed for proceedings consistent with this opinion.