CASE 30—PETITION ORDINARY—JUNE 29.

# Shropshire, &c., vs. Conrad.

### APPEAL FROM BOURBON CIRCUIT COURT.

A demand for unliquidated damages, although it may arise upon a contract, is not the proper subject of a set-off under the Civil Code.

G. & R. T. DAVIS, for appellants, cited *Civil Code, secs.* 35, 36, 128, 125 *sub-div.* 4; 15 *B. Mon.*, 604; *New York Code, sec.* 150; *Abbott's Pleading—Forms—pp.* 4, 493, *notes e, f, g, h, i, j; How-*

ard's N. Y. Code, pp. 243, 244; 8 Howard, 335; 7 How., 294; 6 Abbott, 290.

CURRY for appellee.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

This action was brought against the appellants on a note for one thousand and sixty-six dollars. They attempted, by way of defense, to rely upon an alleged breach of a warranty of the soundness of a slave, which had been made by the plaintiff.

The defense was adjudged to be insufficient by the circuit court, and a judgment was rendered against the defendants in the action for the amount of the debt sued for, from which they have appealed to this court.

The contract of warranty, for a breach of which the defendants asserted a claim against the plaintiff, was not connected with the subject of the action, but arose out of a different and distinct transaction altogether, and the cause of action thereon does not, therefore, constitute a good counter claim.

It is contended, however, that it is a valid set-off, and made available as such by the Code of Practice.

As the claim for a breach of warranty is an unliquidated demand, it was not deemed a proper subject of set-off previous to the adoption of the Code. The question then is, has such a change in the pre-existing law in relation to the proper subject of set-off been made by the Code as to authorize a defendant to rely upon an unliquidated demand as a set-off?

The Code defines a counter claim with precision, but it gives no definition of a set-off. It restricts the use of a set-off to such actions as are founded on contract, and to such demands as arise upon contract, or have been ascertained by a decision of a court. (Section 128.) Although, however, it declares that a set-off must be a cause of action arising on contract, it does not say that every cause of action arising on contract shall constitute a set-off.

The demands that could be relied upon as a set-off, at the time the Code was adopted, were designated by law, and what demands constituted a valid set-off was a matter that was well understood. It was not, therefore, deemed necessary to give any explanation in the Code of the meaning of a set-off.

Shropshire, &c., vs. Conrad.

It was a defense that had been previously in use. It was not created by the Code, as the counter claim was, and therefore the same reason for defining its nature and extent did not exist. If a radical change in the subject of set-off was intended to be made by the Code, the reasonable presumption is, that such an intention would have been clearly indicated. Every cause of action arising upon contract would have been declared to be a good set-off, and then no doubt could have existed as to the meaning of the section under consideration.

If it was designed by the framers of the Code that every cause of action against the plaintiff arising upon contract might be relied upon by way of defense to the action, why did they limit the counter claim, which the defendant is authorized to rely on, to such causes of action in his favor as arise out of the contract or transactions set forth in the petition, or as are connected with the subject of the action? Why not permit him to rely upon a cause of action arising upon any contract? A demand for unliquidated damages is more properly the subject of a counter claim than of a set-off, and if every such a demand is to be made available as a set-off, why not permit it to be used as a counter claim? The fact that its use was prohibited as a counter claim leads irresistibly to the conclusion that it was not to be used in any form. Such claims as are for unliquidated damages, cannot be relied upon by the defendant, unless they are connected with the subject of the action. If the doctrine contended for were allowed to prevail, a plaintiff might bring an action on a warranty of the soundness of a slave, and the defendant might, by way of set-off, rely upon a warranty by the plaintiff of another slave, and thus, in the same action, the parties would be trying two distinct and separate matters, wholly unconnected with each other. Such a practice would lead to inextricable confusion and difficulty, and would be inconsistent with the obvious meaning and spirit of the Code. The tendency of all of its provisions is to require each cause of action to be tried separately, and not to permit various and distinct matters to be united in the same action, except so far as such a course may be demanded by the ends of justice.

We are therefore of opinion, that a demand for unliquidated damages, although it may arise upon a contract, is not the proper subject of a set-off under the Code.

Wherefore, the judgment is affirmed.