CHIBE JUSTICE DUVALL
delivered the opinion op the court:
Stowell, Chamberlain & Co., as remote assignees of Crandle, brought this suit on a note executed by Taylor & Son to Cran-dle for $712 36.
*176 The defendants answered, alleging in substance that the note was given as part of the consideration for a raft of pine lumber which they bought of Crandle, amounting, at the price agreed on, to $2,137 08, all of which had been paid except the amount of the note sued on; that at the time of the purchase and of the execution of the note, doubts were entertained as to the quality of the lumber; that it was feared the lumber would dry or season “shaky,” and said Crandle, by way of inducing the defendants to purchase, agreed that the lumber should turn out from a fourth to a third of what was known as first eommon and clear, and that if, in drying, said lumber or any part should prove to be shaky, he would make it all right by an abatement in the price. That a large portion of the lumber did dry or season shaky, and did not turn out from a fourth to a third common and clear, and that in consequence of the defective quality of the lumber they have sustained loss and damages to the amount of over $500, which they claim should be set off against the note. They charge that said Crandle is a non-resident of the State, &c.
To this answer the plaintiffs demurred generally, the demurrer was sustained, and the defendants had leave to amend, which they did by reiterating the foregoing facts, and alleging in addition that, at the time of the sale, Crandle knew, and fraudulently concealed the defective condition and quality of the lumber which was then lying in the river and so covered by the water that its quality could not be seen or known by the defendants-.
To this amended answer there was no demurrer or reply The case was submitted to a jury who, after hearing the evidence introduced by the defendants, were peremptorily instructed to find for the plaintiffs. A verdict and judgment was rendered accordingly, and the defendants have appealed.
The first, and indeed, the only question necessary to be decided is, whether the answers or either of them present a valid defense, legal dr equitable, to the action.
The rule was well settled, prior to the adoption of the Civil Code, that courts of equity would always entertain jurisdiction in cases of set off, where the demands wrere connected, or *177 where the one sought to be set off formed the consideration of the other. The only exception to this rule was that if the claim proposed to beset off was for unliquidated damages, the chancellor would not, on account of the mere connection between the demands, first liquidate the damages and then make the set o ft;, where there was a plain and adequate remedy at lave. But where the existence of any extraneous fact is shown calculated to defeat or to impair the efficacy of the legal remedy, such as the insolvency or non-residence of the plaintiff or his assignors, the jurisdiction of the chancellor, even in cases of unliqui-dated demands, was unquestionable.
The law on this subject has not been changed by the Civil Code, as was in effect decided in the recent case.of Shropshire vs. Conrad, (2 Met. Ky. Rep., 143.)
In this case the allegations of both the original and amended answer are clearly sufficient to entitle the defendants to the damages sustained by them in consequence of the breach of warranty on the part of their vendor, Crandle, with respect to the quality of the lumber which formed the consideration of the note sued on. And it is equally clear that they are equitably entitled to have that claim set off against the note:first, because of the connection between the two demands, and secondly, because of the non-residence of Crandle, the assignor of the plaintiffs.
It is said in argument that if the defendants had made their vendor a party, and had alleged and proved his insolvency at the time he assigned the note, they would then have been entitled to relief by wmy of equitable set off. But surely the non-residence of the vendor forms as complete an obstruction to-the defendants’ remedy by separate action on the warranty, as his insolvency would have done, and for that reason wmuld authorize the same equitable relief. And even if Crandle were a proper or necessary party, the objection to the answer for the want of parties not having been taken in either of the modes prescribed by the Code was waived. (Sec. 123.)
As the plaintiffs wholly failed to reply to the answer, every material allegation of new matter therein contained, relating. *178 to the set off, was of course to be taken as true on the trial, and there was nothing for the court to do, as the case was presented, but to ascertain the amount of the damages claimed. This could have been done as well by the intervention of a jury as by the appointment of a commissioner, or by the court itself.
It has been urged in argument that the defense set up in the answers does not amount to a valid counter-claim, because it is not a demand or cause of action against the plaintiffs or either of them, but is a cause of action against the payee of the note; and that it therefore lacks one of the essential characteristics of a counter claim as defined by the code. (Sec. 126.)
The view already taken of the case dispenses with the necessity of deciding this point, and we therefore pass it by, with the baré suggestion that we might hesitate to adopt so rigid and literal a construction of this provision as would tend to defeat one of its most obvious purposes — that of preventing circuity and multiplicity of actions.
For the reasons stated the judgment is’reversed, and the cause remanded with directions to overrule the demurrer to the original answer, and for further proceedings not inconsistent with the principles of this opinion.