CASE 18—PETITION EQUITY—MARCH 2.

# Garner, &c., v. Jones, &c.

### APPEAL FROM CLARK CIRCUIT COURT.

1. COUNTER-CLAIM.—In an action to settle a partnership in the business of operating a mill, the defendants had the right to plead as a counter-claim their cause of action against plaintiffs for breach of warranty in the sale to them of one-third the mill.

2. UNLIQUIDATED DAMAGES CAN NOT BE PLEADED AS A SET-OFF unless the plaintiff is non-resident or insolvent. It is not sufficient to authorize such a set-off that one of several plaintiffs is a non-resident, there being nothing to show that the other plaintiffs are either non-resident or insolvent.

GEO. B. NELSON FOR APPELLANTS.

The fact that one of the plaintiffs is a non-resident does not bring the defendants' claim for unliquidated damages within the rules of equitable set-off, there being nothing to show that either of the other plaintiffs is a non-resident or insolvent. (Shropshire v. Conrad, 2 Met., 144; Forbes v. Cooper, 10 Ky. Law Rep., 865; s. c., 88 Ky., 285; Patrick v. Langston 2 J. J. Mar., 655; Markham v. Todd, 2 J. J. Mar., 365; Turpin v. Turpin, 7 J. J. Mar., 37; Beall v. Squires, 3 Mon., 376; Chamberlain v. Stewart, 6 Dana, 33; Taylor v. Stowell, 2 Met., 158.)

L. H. JONES FOR APPELLEES.

The fact that one of the plaintiffs is a non-resident impairs, if it does not defeat, the efficacy of the legal remedy, and therefore affords sufficient reason in equity for allowing the claim for unliquidated damages to be pleaded as a set-off. (Forbes & Bro. v. Cooper & Co. 88 Ky., 285; Taylor & Son v. Stowell, 4 Met., 175.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

This is an action to settle a partnership in the business of operating a blue grass seed-cleaning mill for the year 1886, of which the firm of Garner & Bro., owning one-third interest, H. C. Foster owning one-third, and H. & T. B. Jones jointly owning one-third, were members.

It appears that H. & T. B. Jones, defendants to the action, had management and control of the business, and in the petition it is alleged they are indebted to the firm by reason of their failure to charge themselves with and account for a large amount of seed cleaned which they owned individually, and because they charged the firm with a larger amount for operating expenses than necessary.

The defendants controverted the alleged indebtedness, and also asked judgment over for damages, on account of alleged breach of warranty on part of the plaintiffs, original owners of the mill, in sale of one-third interest thereof to defendants, and also on account of a large amount of seed belonging to defendants having been, in the year 1885, before they purchased an interest in the mill, so defectively and improperly cleaned as to greatly injure sale of the seed.

The action was referred to a special commissioner, who, after taking a large amount of proof, reported that plaintiffs had not made out any cause of action against the defendants, and the latter had likewise failed to show a right to recover damages on account of either the alleged breach of warranty, pleaded as counter-claim, or injury done to the seed by defective and improper cleaning in 1885, which was pleaded as a set-off. Exceptions to the commissioner's report were filed by both parties, but all were overruled and the report confirmed by the court, except that it was adjudged the defendants recover on their set-off the sum of five hundred and forty dollars and fourteen cents damages for failure of plaintiffs to properly,

and according to contract, clean the seed in 1885. From that judgment the plaintiffs have appealed, and defendants have entered a cross-appeal.

We see no reason for disturbing the finding of facts by the special commissioner, particularly as it was confirmed by the chancellor. Nor does counsel on either side show sufficient reason for disturbing it. Consequently the only question we need consider is, whether the demurrer to the paragraph in which defendants pleaded the set-off was properly overruled; and thus arises the question whether, in an action in equity, unliquidated damages can, under the Civil Code, be pleaded as a set-off.

The cause of action for breach of warranty in sale of one-third the mill by plaintiffs to defendants was connected with the subject of the original action, and therefore the defendants had the unconditional right under the Code to plead it as a counter-claim, though it was not, as before stated, sustained by the proof. But it has been fully settled by this court that a demand for unliquidated damages is not the proper subject of a set-off under the Civil Code when there is an adequate remedy at law not prevented by the fact of insolvency or non-residence of the plaintiff. (Shropshire v. Conrad, 2 Met., 143; Forbes & Bro. v. Cooper & Co., 88 Ky., 285.)

In this case one of the plaintiffs, Foster, is shown to be non-resident of the State, but Garner & Bro. are not alleged or shown to be either non-resident or insolvent. It would, therefore, seem that the defendants still have an adequate remedy by separate action for the cause pleaded in his set-off, and consequently

no reason exists here for making an exception to the general rule denying the right to plead as a set-off unliquidated damages. It thus follows the demurrer to that paragraph of the answer containing the set-off for damages on account of a transaction prior to and not connected with the subject of plaintiffs' action, ought to have been sustained. But while such ruling of the lower court would have prevented any recovery on the set-off, it would not have concluded defendants' right to maintain a new and distinct action for the same cause.

Wherefore, the judgment on the appeal is reversed, and cause remanded for proceedings consistent with this opinion; but, for reasons already stated, it is affirmed on the cross-appeal.