CASE 94—ACTION FOR TRESPASS—JANUARY 23.

# Renaker v. Smith, &c.

APPEAL FROM HARRISON CIRCUIT COURT.

JUDGMENT FOR PLAINTIFFS AND DEFENDANT APPEALS. AFFIRMED.

COUNTER CLAIM—DIFFERENT TRANSACTION.

Held:   In an action to recover damages for trespass and destruction of crops by defendant's cattle, defendant can not plead as a counter-claim the damages which he has suffered from trespasses by plaintiff's cattle, though they resulted from plaintiff's breach of his agreement to keep up a portion of the division fence, as the claim of defendant did not arise out of the transaction stated in the petition.

W. T. CASON FOR APPELLANT.

SWINFORD & OSBORNE, FOR APPELLEES.

(No briefs in record.)

OPINION OF THE COURT BY JUDGE WHITE—AFFIRMING.

The appellees by this action sought to recover judgment for damages for trespass and destruction of crops committed by the cattle of appellant. It is alleged that the cattle were turned into appellees' fields, and that they came into the fields through gates left open by and gaps left down by appellant in a fence along the line dividing the farms of appellees and appellant. The defense offered is a denial of each and every allegation of the petition, and in a second paragraph the appellant pleaded that by a contract in writing a division fence was established, by which each party agreed to keep up a certain portion of the fence dividing their lands; that appellees had failed to maintain their portion of the division fence, and by reason thereof the cattle and stock of appellees had on divers occasions committed trespasses on appellant's land, and had destroyed his crops; and this damage he fixed at $250, which he pleaded as a counterclaim. On motion of appellees the court ordered the whole of the second paragraph of the answer pleading the counterclaim stricken, and upon trial on the issue joined, a verdict and judgment for $200 was rendered for appellees. The motion for a new trial having been overruled, this appeal is prosecuted to reverse that judgment.

The errors assigned in the reasons for a new trial are that the verdict is not sustained by the evidence, and the action of the court in striking the counterclaim from the answer. A counterclaim is defined by section 96 of the Code to be "a cause of action in favor of a defendant against a plaintiff . . . which arises out of the contract or transaction, stated in the petition as the foundation of the plaintiff's claim, or which is connected with the subject of the action." In the case of Slone v. Slone, 2 Met.,

339, the court said: "A counterclaim is substantially a cross action by the defendant against the plaintiff growing out of or connected with the subject-matter of the action. It is allowed in order that the whole controversy between the parties may be determined in one action, and it may be relied upon wherever an action could be brought by the defendant for the same cause. In an action for an assault and battery the defendant may be the party most ag· grieved, and the one that is actually entitled to relief. If so, he could maintain an action against the plaintiff, and, having been sued by him, has a right to seek redress against him by his cross action in the form of a counterclaim." In the case of Whitlock v. Redford, 82 Ky., 390, the court said: "The subject of the action is the land in contro· versy, and the foundation of plaintiff's claim is the asserted legal title to the land. The fact that the plaintiff seeks to recover damages for trespass does not alter the char· acter of the action from a direct proceeding to recover the land on the allegation of title, and in such a case there could be no doubt of the defendant's right to assert title in himself, and have it so adjudged. The counterclaim asserted is clearly connected with the subject of the action." The counterclaim in that action pleaded title to the land to be in defendant. In the case of Forbes v. Cooper, 88 Ky., 285, (11 S. W., 24), the court said that: "Such a thing as a counterclaim had no existence prior to the adoption of the Code of Practice. We must, therefore, look to it alone for its meaning." Tested by these rules as laid down by this court, unless the claim of appellant as set out in his answer arises out of the contract or transaction stated in the petition, or which is connected with the subject of the action, the action of the court in striking same from the answer is correct. The cause of action sued on is tort.

Appellant is sued for pulling down the fences, making gaps in the fence, and leaving open the gates on the division fence, and thus willfully and wantonly turned the cattle into appellee's fields, etc. There is no element of contract alleged or relied on for recovery; so there is no contract or transaction stated in the petition out of which the counterclaim could arise.

There is nothing in the plea of appellant to connect the trespasses alleged to have been committed by appellees' cattle with the trespasses complained of in the petition. It may be that the cattle of appellees have destroyed the crops of appellant to the extent claimed, and it may be that they got into appellant's fields because appellees failed to keep their part of the division fence in repair. All of this is conceded by the motion to strike, which is in the nature of a demurrer. But, if so, that cause of action in appellant is not pleadable in this action to recover for a wrong at another time and place, and by other agencies. If the plea in the Stone case had been that a week before or after the assault and battery complained of in the petition the plaintiff had assaulted and beaten the defendant to his damage, the court would not have permitted it. Because the assaulting and beating complained of in that counterclaim was alleged to have occurred at the same time and place as that complained of in the petition, and which, if true, was a complete defense, is the reason that the court gave for permitting it to be filed. It was connected with the acts and subject complained of. There was, in our opinion, no error in striking the second paragraph of the answer pleading the counterclaim, nor in refusing to permit the amendment offered to be filed. There appears no error in the instructions

given. While the evidence is conflicting in many particulars, yet the verdict can not be said to be flagrantly against the evidence, and we do not feel authorized to disturb the finding. Judgment affirmed, with damages.