### Bates, et al. v. Reitz.

(Decided February 19, 1914.)

### Appeal from McLean Circuit Court.

Pleading—Set-off—When Permitted to Plead Liquidated Damages As.—Unliquidated damages may be pleaded as a set-off by the defendants in an action against them by a non-resident plaintiff, where they have no other adequate remedy at law for the collection of their claim; but mere non-residency of the plaintiff is not sufficient to justify such proceeding; it must be shown that some substantial obstacle exists that would probably prevent the collection of the claim for unliquidated damages by an independent action, in the usual way.

LITTLE & SLACK, W. B. NOE and R. P. ROWE for appellants.

ERNEST WOODWARD, JOE H. MILLER for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

Appellee, Francis J. Reitz, sued appellants, A. M. Bates and J. W. Woods, in the McLean Circuit Court,

upon certain notes aggregating more than two thousand dollars.

Appellants by their answer admitted their indebtedness to appellee on account of said notes; and also attempted to plead a set-off growing out of an alleged verbal contract between them and Reitz, by the terms of which, it was alleged, appellee agreed to purchase from them certain ties, which contract appellee afterwards refused to carry out, refusing to take and pay for any of said ties; appellants claiming that by the alleged breach of said contract, they had been damaged in the sum of fourteen thousand five hundred dollars, for which sum they asked judgment over against plaintiff, whom they alleged to be a non-resident.

In his reply, the plaintiff admitted non-residency, but alleged that he was the owner of real estate and personal property in this State of the value of more than fifty thousand dollars; that he had agents in this State upon whom service of process could be had at all times; and that any judgment the defendants might obtain against him could be collected.

Plaintiff filed a demurrer to defendants' answer and set-off, and the court took up the case upon the jurisdictional question involved, and after hearing the evidence thereon, the court's findings were as follows:

"1. The plaintiff, Francis J. Reitz, is and was for forty years last past, a non-resident of this State, and a resident of the State of Indiana, during which time he was continuously engaged in buying and selling real estate and personal property, including saw-logs, in this county and State; that for six years last past and now, the plaintiff has continuously owned personal property in McLean and other counties in Kentucky, of the value of twenty thousand dollars, and real estate consisting of standing timber in Kentucky, during said period, of the value of five thousand dollars or more.

2. The court finds that during the past fifteen years this plaintiff has maintained agents in Kentucky upon whom process could be served in this county, and now maintains such agents; and that the defendants had knowledge of this fact and of the further fact that plaintiff had a large amount of property in Kentucky; and that defendants could have, and now can, in a separate action, obtain service of process on plaintiff in this

county, and could have, and can now collect the full amount of their claim by execution against the plaintiff's property in Kentucky.

3. From the foregoing findings of fact, the court concludes and finds as a matter of law, that the defendants before and at the time of the institution of this action, and continuously since, and now, have an adequate remedy at law, and could sue in this court on their claim for unliquidated damages, and that said claim for unliquidated damages cannot be pleaded in this action, because the defendants had and now have an adequate remedy at law.''

The court thereupon rendered a judgment dismissing without prejudice the defendants' claim for unliquidated damages, and rendered judgment in favor of plaintiff for the full amount of the notes sued on; and defendants appeal.

Appellants contend that because appellee is a nonresident, this fact alone takes the cause out of the general rule that unliquidated damages cannot be pleaded as a set-off or counterclaim. But, it has never been held by this court that a defendant, to entitle him to plead a claim for unliquidated damages as a set-off or counterclaim, need go no further than to show that the plaintiff is a non-resident. Nor is this the limit of the test. He must also show that there is some accompanying circumstance, the effect of which is to deprive him of an adequate remedy at law for the enforcement of his claim. By this, it is not intended to be meant that before such defendant will be permitted to collect his claim in this way, he must show that it would be impossible to collect it in any other way; but he should be required to show that there is some substantial obstacle in the way that would probably prevent his collecting it by an independent action in the usual way. And this, the appellants failed to do. The lower court, therefore, properly held that it was without jurisdiction to try in this action the claim for unliquidated damages set forth in the answer and set-off.

This holding makes it unnecessary to pass upon the motion filed by appellee, to dismiss the appeal.

Judgment affirmed.