## Cross, et al. v. Snyder's Admx.

(Decided April 28, 1915.)

### Appeal from Whitley Circuit Court.

1. Pleading.—A cause of action in favor of a defendant against a plaintiff cannot be plead or relied upon as a counter-claim, unless it arises out of the contract or transaction stated in the petition as the foundation of the plaintiff's claim, or which is connected with the subject of the action.

2. Pleading—Unliquidated Damages.—A cause of action in favor of a defendant against a plaintiff for unliquidated damages, cannot be plead or relied upon as a set off to plaintiff's demand, unless it is, also, alleged that the plaintiff is a non-resident, or insolvent, or some other sufficient reason, showing that the defendant has not an adequate remedy by an independent action in the ordinary way.

3. Pleading—Answer and Counter-claim.—An answer, to be sufficient as a counter-claim or set off, must allege facts sufficient to constitute a good cause of action in favor of the defendant against the plaintiff, if the pleading was a petition instead of an answer, and the defendant was the plaintiff, and the plaintiff a defendant.

J. N. SHARP for appellants.

J. B. SNYDER and B. B. SNYDER for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

The appellee, Ida Snyder, as administratrix of Frank Snyder, deceased, instituted this suit in the Whitley Circuit Court against the appellants, Perry Cross and Lucinda Cross, upon a promissory note, which the appellants had executed to one Josiah Smith, and by Josiah Smith had been transferred to her as administratrix of the deceased, Frank Snyder.

In addition to the above necessary allegations to constitute in her behalf a good cause of action against the appellants, she further alleged that the appellants at the time they borrowed the amount for which the note

sued on was executed to Josiah Smith for the purpose of securing the payment of the note, they executed and delivered to him a mortgage upon a house and lot in Jellico, Tennessee, and that the appellants thereafter sold said house and lot, and conveyed same to her decedent, Frank Snyder; and the appellants having failed to pay off the note and discharge the mortgage, she, as administratrix of the decedent, was compelled to pay the note to save the property from foreclosure at the hands of Smith.

The appellant, Lucinda Cross, did not make any defense to the petition, but contented herself with offering a general demurrer to the petition, which was overruled. The appellant, Perry Cross, filed a pleading, which he denominated an answer, set-off, and counter-claim. In this he alleges that the house and lot mentioned in plaintiff's petition were sold by him to the decedent, Frank Snyder, in consideration of the transfer to him by Snyder of thirty-one and one-fourth shares of the capital stock of the par value of one hundred dollars per share in the Burk Hollow Coal Company, a corporation created under the laws of the State of Kentucky; and that in consideration of said house and lot he received said certificates of stock in the corporation, and that at the time of the transfer, the decedent, Snyder, represented to him that the corporation was indebted to various parties in a total sum of $6,578.05; that Snyder was an officer of the corporation, and pretended to know its indebtedness, and, also, made out a list of the persons to whom it was indebted, and the amount of the indebtedness, and submitted that writing to the appellant, and that by reason of said writing, as well as the statements and representations of Snyder, he was assured by Snyder that the amount named above was the entire indebtedness of the corporation, when in fact the corporation owed the further sum of $17,728.92, making in all a total indebtedness of $24,306.97; and that Snyder knew at the time he made the statements and representations that the corporation did owe the latter sum; and that the total sum of the capital stock was only $20,000.00, which made the indebtedness of the corporation exceed the capital stock to such an extent, that the certificate of shares transferred by Snyder to appellant were worthless and of no value whatever, and that, if the indebtedness had not exceeded the sum represented

by Snyder, the shares of stock transferred to appellant would have been of the value of $2,343.00, at least; that he relied upon the statements and representations made by Snyder, and had no means of knowing the excessiveness of the indebtedness, except as represented by Snyder, and relied upon and believed his representations, and made the trade and accepted the property, and conveyed to Snyder the house and lot mentioned in the petition; and that by reason of the false and fraudulent representations made by Snyder, the appellant sustained a loss and was damaged in the sum of $2,346.00, and prayed a judgment against appellant for said sum, and asked that so much of it as was necessary, be set off against the sum sued for by appellee, and for a recovery of the balance. To this pleading the appellee filed a general demurrer, which was sustained by the court, and appellant declining to plead further, the court rendered a judgment against him and his co-defendant, Lucinda Cross, for the amount of the note sued on. To all of this the appellants excepted, and now appeal to this court.

The question presented for determination is, whether the facts plead in the answer constitute a counter-claim or set-off. Passing over the question as to whether the answer presents a cause of action against the appellee, we are of the opinion that it could not be plead in this action as a defense to the note sued on.

Section 96 of the Civil Code, defines a counter-claim as follows: "A counter-claim is a cause of action in favor of a defendant against a plaintiff, or against him and another which arises out of the contract or transaction stated in the petition as the foundation of the plaintiff's claim, or which is connected with the subject of the action."

It will be observed that the foundation of appellee's demand in her petition was not anything growing out of the alleged transaction between the appellant and the decedent, by which the decedent became the owner of the house and lot, but the foundation of the action was the contract entered into between the appellants and Josiah Smith, and with which the decedent, Frank Snyder, had nothing whatever to do, and had no kind of connection therewith. When this note was sold and assigned to the appellee, it carried with it only the right to recover upon it as the assignee of Smith, and upon the contract which

existed between appellants and Smith. While the appel-lee set out in her petition the reason of the assignment to her of the note, it was unnecessary to have been done, and would have to be treated as surplusage, and consti-tuted no part of her cause of action. Taylor v. Stowel, 4 Met., 175; Shropshire v. Conrad, 2 Met., 143.

However good a cause of action the facts plead in the answer may constitute, it cannot be plead as a set-off to the cause of action set up in the petition, as the rule is well established, that a demand for unliquidated damages cannot be plead as a set-off, nor relied upon in an answer as a set-off, unless the answer contains an allegation that the plaintiff is insolvent or a non-resi-dent. In order to entitle a party to plead unliquidated damages as a set-off, it must appear that such party has not an adequate remedy, and is prevented from collect-ing his demand by an independent action in the usual way. For this reason it is necessary to allege that the plaintiff is insolvent, or is a non-resident, or some suffi-cient reason which will show that, if the defense is not allowed, that the party will be deprived of his rights in the collection of his demands. Bates, et al. v. Reitz, 157 Ky., 514.

A pleading which is sufficient as a counter-claim should allege facts which are sufficient to support a cause of action, if it was an original petition. The allegations of the answer in this case are not sufficient to show that the appellant suffered damages by reason of the matters alleged. While the answer does allege that the indebtedness of the corporation was very much larger than as represented by the decedent, in order to make a good cause of action, it would also be necessary to allege what the assets of the corporation were in order to show that appellant had suffered any damages by reason of the false representations which he alleges were made to him.

The judgment appealed from is, therefore, affirmed.