## The Lyric Piano Company v. Purvis.

(Decided May 23, 1922.)

### Appeal from Kenton Circuit Court
### (Common Law and Equity Division).

1. Set-off and Counterclaim—Unliquidated Damages.—Where one is sued on notes for the purchase price of a piano under a written contract, she cannot interpose to such action, even against a non-resident plaintiff, a counterclaim or set-off for unliquidated damages resulting from an alleged assault by the agent of the company on the person of the defendant.

2. Set-off and Counterclaim—Unliquidated Damages.—In order that a set-off or counterclaim may present unliquidated damages to a suit on a contract, it must be made to appear that some substantial obstacle exists to the collection of the said unliquidated damages being an independent action, unless such claim for unliquidated damages as arise out of the contract and on which the plaintiff sues, cannot be interposed by a set-off or counterclaim to the action. If it arise out of a transaction wholly independent of the contract it is not properly the subject of set-off or counterclaim to an action upon a contract.

HOWARD M. BENTON for appellant.

BERT J. KING for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

The appellant, Lyric Piano Company, is a corporation doing business in Cincinnati, state of Ohio. The appellee, Grace Purvis, lives in Kenton county, Kentucky. In February, 1917, she purchased of appellant company a piano at the price of $450.00, payable in installments of three and five dollars per week. After having paid more than $200.00 on the piano she defaulted in the payments and was in arrears something more than $100.00. The collector of the company called to see her on numerous occasions and she agreed to go to the offices and make a new contract for the payment of the balance due on the piano. She did enter into a new arrangement with the company by which she was to pay a certain lump sum and was then to pay the remainder in installments. She failed to comply with this contract, but a few days thereafter forwarded by mail to the company in Cincinnati a check for $3.80. Being unwilling to accept the check the company sent its representative to return the check to Mrs. Purvis.

He went to the house, knocked on the door, which was answered by the small son of appellee. The collector asked to see Mrs. Purvis; she came to the door; he offered to return the check for $3.80 to her and asked her to come to the office of the company and comply with the terms of her agreement. She declined to accept the check. He was standing on the outside of the door and she was on the inside. He says he offered the check to appellee Purvis and on her refusal to accept it he dropped it at her feet inside the room and went away. She says he said in substance: ''Do you want this check? we don't,'' and on her refusal to accept it he rolled it into a ball in his hand and threw it at her in a violent manner, striking her in the face, and at the same time used abusive and insulting language. She further testifies that she was made sick by the assault thus committed on her and by reason of such sickness incurred doctor bills and was otherwise damaged, for which she prayed in her answer, set-off and counterclaim damages in the sum of $1,100.00. In her pleading she averred that the defendant company was a nonresident of the state and had no office or place of business in Kentucky and no agent upon whom process could be served. She therefore asked that the damages set forth in her pleading be set-off against the claim of the plaintiff and that she recover over against the plaintiff company the balance. This pleading was by agreement of the parties controverted of record.

On the first trial of the case before a jury the appellee, Mrs. Purvis, recovered $450.00 damages for the alleged assault, but the jury gave the piano company the amount of its claim $228.00. A new trial being awarded the case was again tried, the verdict being for appellee Purvis in the sum of $350.00, and on this verdict the judgment from which this appeal is prosecuted was entered, adjudging Mrs. Purvis entitled to recover of the piano company the sum of $350.00 on her counterclaim. The motion and grounds of the company for new trial were overruled and it prosecutes this appeal. The only question that need be considered by us is whether in a suit on a contract, such as the appellant company instituted against Mrs. Purvis to recover on the contract and notes for the sale of the piano, the defendant can present in a counterclaim or set-off an unliquidated claim for damages arising out of an independent tort, which was not a part of the transaction out of which the original suit arose. We have held in the case of Bates v. Reitz, 157

Ky. 514, and other cases, that unliquidated damages may be pleaded as a set-off by the defendant in an action against him by a nonresident plaintiff where the defendant has no other adequate remedy, but if the defendant may have an independent common law action against the plaintiff for such unliquidated damages he cannot plead it as a set-off or counterclaim. We have further held that the nonresidency of the plaintiff alone is not sufficient to justify the allowance of a set-off or counterclaim presenting the damages. But in order to be allowed to make such plea it must be shown that some substantial obstacle exists that would probably prevent the collection of the claim for unliquidated damages by an independent action in the usual way. By section 96 of the Civil Code a counterclaim is defined to be a cause of action in favor of a defendant against a plaintiff or against him and another which arises out of the contract, or transaction, stated in the petition as the foundation of the plaintiff's claim, or which is *connected with the subject* of the action. It will therefore appear that the action of the appellee Purvis for damages for a tort was not properly the subject of a counterclaim, as it did not arise out of the contract for the sale of the piano or out of that transaction, which was the only one stated in the petition as the foundation of plaintiff's claim; nor does it appear that said tort was connected with the subject of the action. Newman's Pleading and Practice, p. 602; Renaker v. Smith, 109 Ky. 643. By subsection 2 of section 96, a set-off is defined to be a cause of action arising upon a contract, judgment or award in favor of the defendant against the plaintiff, or against him and another, and cannot be pleaded except in an action upon a contract, judgment or award. The claim of Mrs. Purvis was therefore not properly a subject of set-off, for it did not arise out of the contract, judgment or award in favor of Mrs. Purvis. The case of Bates v. Reitz and others of like effect is easily distinguishable from the case at bar. In that case the plaintiff sued upon notes aggregating more than $2,000.00. The defendant, after alleging that the plaintiff was a nonresident and that he had no adequate remedy at law set up as counterclaim the fact that the plaintiff had agreed to purchase from defendant a large quantity of crossties at a given price, out of which defendant would have made a large sum of money, and that the plaintiff wrongfully refused to carry out the contract and to take up and pay for the ties and that the defendant thereby lost large

sums in profit. From these facts it is plain that the unliquidated damages sought to be recovered by the defendant in that case arose out of the same transaction. In every case where the unliquidated damages arise out of the same transaction upon which the plaintiff declares in his petition the defendant may by set-off plead the unliquidated damages by averring that the plaintiff is a nonresident or insolvent and that the defendant has no adequate remedy at law for the recovery of the unliquidated damages, and unless permitted to present the same in a set-off and to litigate the whole matter in that action he will be deprived of his remedy. But without such showing a claim for damages for a tort arises out of an entirely different transaction from the original cause upon which the plaintiff sues, cannot be relied upon and presented by a set-off. Although the collector of the company whom Mrs. Purvis accuses of rolling the check into a ball and striking her in the face with it was at that time engaged in an attempt to collect from her a sum due the company, the assault was a tort entirely distinct from the contract upon which the plaintiff sued in this action, and it cannot be said that the assault arose out of the same transaction—the contract for the sale of the piano—upon which the plaintiff company sued. Therefore, it was not a proper subject of counterclaim in the action, and the court should have sustained the motion of the plaintiff company to strike said counterclaim, and having failed to do so prejudicial error was committed against the plaintiff for which the judgment must be reversed.

There is another error of such importance as would have justified the trial court in peremptorily instructing the jury to find for the plaintiff. Although the defendant, Mrs. Purvis, alleges in her set-off that the plaintiff company was a nonresident and that she had no adequate remedy at law, these allegations were controverted of record, thus putting her to the proof. As no proof was adduced upon this subject the plaintiff was bound to fail as to the set-off, for we have distinctly held that before such defendant will be permitted to collect his claim in this way, he must show that it would be impossible to collect it in any other way; and, further, that there is some substantial obstacle in the way of collecting his damage in an independent action. Bates v. Reitz, *supra.*

When the defendant failed in support of her set-off to prove that she had no adequate remedy at law, the trial

court should have peremptorily instructed the jury that Mrs. Purvis was not entitled to recover upon the counterclaim.

For these reasons the judgment is reversed.

Judgment reversed.