## Merchants Wholesale Grocery Company v. Forsythe.

(Decided March 20, 1923.)

### Appeal from Butler Circuit Court.

1. Corporations—Plea of Fraud in Sale of Corporate Stock Held Insufficient.—A plea that the agent who sold defendant stock in a corporation fraudulently represented that the corporation would sell goods to him at cheaper prices than he could buy them from other wholesale concerns, that the stock was worth par and was paying a 6 per cent. dividend, and that he could purchase goods from the corporation upon a credit to the amount of his stock subscription, and pay the account by transfer of his stock back to the corporation, with allegations of the falsity of those representations, is not sufficient in form or substance.

2. Corporations—Agent's Oral Representations Held Merged in Written Contract for Sale of Stock.—Where stock in a corporation was purchased under definite written contract, which specifically provided that the agent or solicitor was not authorized to make any other contract except as therein printed, oral representations by the agent in the nature of promises before the written contract was entered into were merged and contained in the writing.

3. Corporations—Stockholder Cannot Pay Debt to Corporation by Surrendering Stock to it.—A stockholder cannot, without the consent of the corporation, pay a debt which he owes to the corporation by surrendering his stock to it, any more than he could make such payment by transferring stock of another corporation.

E. N. MAYHUGH and A. D. KIRK for appellant.

G. V. WILLIS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Reversing.

Appellee Forsythe made application to appellant grocery company on April 1, 1919, to purchase twelve (12) shares of its common stock. It was organized with a capital stock of $150,000.00, of which $75,000.00 was preferred and $75,000.00 was common stock. It was to carry on a wholesale grocery business and to sell to its stockholders at cost to it plus a small per cent sufficient to pay operating expenses. Appellee Forsythe was a retail grocery merchant in Butler county. A certificate for twelve shares of $25.00 each, of the capital stock was issued to him by the grocery company on April 3, 1919. He paid the grocery company $300.00 for the stock. Later he bought groceries from the concern to be retailed at his store and he paid some of the bills. He bought other goods and finally became indebted to the wholesale concern in the sum of $325.39 for merchandise. The company asked him to pay the bill, whereupon he sent the company his certificate of stock, par value $300.00, and a check for $25.39 in satisfaction of his indebtedness to the company. The company declined to accept the stock in payment of his obligation and returned the stock and check to appellee Forsythe. He again sent it to the company and it was again returned. Having failed to pay the account appellant company brought this suit against appellee Forsythe to recover for the goods and merchandise sold and delivered to him. He defended on the ground that the agent of the wholesale concern that sold him the stock falsely and fraudulently represented that the said wholesale concern would, if he desired to purchase goods from it, sell the same to him at a cheaper price than he could buy like goods from other wholesale concerns, when in truth and in fact it did not do so; that some of the goods which he purchased from the wholesale concern were damaged and rotten and practically of no worth; that the said

agent represented to the appellee that the stock of the said concern was worth par and that it was paying six per cent dividend when in truth and fact said representations were false; and further represented to appellee Forsythe that he could purchase groceries from the plaintiff upon a credit to the amount of the stock subscription and that if defendant desired to pay said account by a transfer of said stock back to the corporation that he had the privilege of doing so, all of which was false. The plea of fraud and misrepresentation was not sufficient in form or substance to have warranted a finding in appellee's favor. Aside from this, the grocery company was a corporation. Appellee purchased twelve (12) shares of its common stock under a definite written contract, which specifically provided that "the agent or solicitor taking this obligation is not authorized to make any other contract, except as herein printed." All the representations of which appellee complains were made, as he says, before he entered into the written contract for the purchase of the common stock. It follows, therefore, that all of the contract was merged and contained in the writing. This is a well established rule. The mere fact that appellee Forsythe owned twelve shares of the common stock of the corporation did not entitle him to pay the corporation his debt by a transfer of his stock to it. It was no more obligated to accept the stock than to accept the stock of any other corporation which appellee might have tendered in payment of his debts. It would not be contended by appellee that because he owned stock in a bank he could pay his note at such bank by transferring to the bank his said stock without the bank's consent. Here the corporation declined to accept the stock, as it had a right to do. In fact it could not lawfully accept it because it was forbidden by law to purchase its own stock. From this it follows that the trial court erred to the prejudice of appellant company in adjudging satisfaction of its claim against Forsythe by a cancellation of the certificate of stock and payment of $25.39, and adjudging Forsythe indebted to it in the sum of $25.39 only. It was entitled to recover the full amount, $325.39, with interest from the date of the institution of its action.

For these reasons the motion of appellant for appeal is sustained and appeal granted, and judgment reversed for proceedings consistent with this opinion.

Judgment reversed.