### Gore, et al. v. Ferguson.

(Decided December 14, 1923.)

## Appeal from Edmonson Circuit Court.

1. Evidence—Verbal Agreement to Furnish Solicitors and Permit Solicitation for Taxi could Not be Set up in Action on Note for the Price of a Taxi.—In an action on a note given for an automobile used as a taxi, a verbal agreement that plaintiff was to furnish solicitors and permit defendant to solicit passengers could not be set up as a set-off or counterclaim as part of the original agreement, there being no allegation that the writing sued on did not contain the entire agreement, or that by fraud or mutual mistake of the parties any part of the agreement was omitted, and reformation not being sought.

2. Set-off and Counterclaim—Unliquidated Damages Not Ordinarily Proper Set-off.—A claim for unliquidated damages for breach of contract cannot be presented by way of set-off, in the absence of an averment that plaintiff is a non-resident or insolvent, or some special reason.

MILTON CLARK for appellants.

LOGAN & McCOMBS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

This action was commenced in the Edmonson circuit court by appellee Ferguson against appellants, Herbert Gore, L. P. Dossey and Dan Meredith, to recover $100.00 on a note reading:

"$200.00.          Mammoth Cave, Ky.,

November 17, 1920.

"On or before July 1st, 1921, we or either of us promise to pay to L. A. Ferguson two hundred dollars with interest at 6 per cent from date, for value received."

On the back of the note was the following indorsement:

"Credit by $100.00, Oct. 5, 1921. Paid by Schyler Hunt."

The defendants answered and admitted the execution of the note and averred that it was for the balance of the purchase price of a Ford automobile sold by Gore to Ferguson. It was further averred in substance that appellant Gore purchased the car for the purpose of running it as a taxi for hire between Mammoth Cave and Great Onyx Cave in Edmonson county during the tourist season of 1921, and this purpose and intention on the part of Gore was well known to the plaintiff Ferguson; that at the time of the purchase of the car Ferguson was manager of the Great Onyx hotel, and agreed as part of the contract to furnish defendant Gore a solicitor to aid him in obtaining passengers for his taxi; that when the tourist season of 1921 arrived Ferguson was not in charge of the Great Onyx hotel but was then the manager of the Mammoth Cave estate and in charge of the grounds and premises adjacent thereto and refused to allow Gore to solicit or receive passengers for his taxi in or about the premises of the Mammoth Cave estate and refused to furnish him a solicitor for passengers or to allow any one to solicit for defendant Gore; that defendant Gore would not have bought the Ford car of plaintiff Ferguson but for the fact that he wished to engage in the taxi business and would not have paid or agreed to pay the price except for the promise of the plaintiff to furnish him a solicitor for passengers; that by reason of plaintiff's failure to supply the solicitors and to allow defendant Gore to solicit passengers on the premises of the Mammoth Cave estate, he was damaged in the sum of $500.00 which he pleaded as a set-off and counterclaim against the note sued on. A general demurrer was interposed to the answer of defendant and upon consideration was sustained by the court to which the defendant excepted, and declined to amend the answer and elected to stand by his answer, set-off and counterclaim as originally prepared and filed, whereupon the court dismissed the answer, counterclaim and set-off and entered judgment in favor of plaintiff Ferguson for the sum of $100.00 with interest, and Gore and his sureties appeal.

It will be observed from the general outline of the answer given above that it was nowhere averred that the writing sued on by the plaintiff did not contain the entire agreement, or that by fraud or mutual mistake of the parties any part of the agreement was omitted from the writings. The defendants did not seek a reformation of the writing. They were not therefore entitled to set up as a part of the original agreement an entirely distinct and separate verbal agreement as set-off or counterclaim. The answer was subject to demurrer.

There is no averment in the answer showing that appellant Gore lost business or profits by reason of the failure of appellee Ferguson to furnish him a solicitor for passengers for his taxi.

As the claim of appellant Gore was one for unliquidated damages it could not be presented by way of set-off in the absence of an averment that Ferguson was a non-resident or insolvent, or some other special reason. Cross v. Snyder, 164 Ky. 373 (370); The Lyric Piano Co. v. Purvis, 194 Ky. 826; Simons v. Douglas, Extr., 189 Ky. 644; Garner, &c. v. Jones, etc., 94 Ky. 135.

For the reasons indicated the judgment is affirmed.

Judgment affirmed.