## Duff v. Wilking.

(Decided June 20, 1924.)

### Appeal from Breathitt Circuit Court.

1. Set off and Counterclaim—Counterclaim Must Grow Out of Cause of Action Stated in Petition.—Counterclaim must grow out of and proceed from cause of action stated in petition, under Civil Code of Practice, section 96, subsection 1.

2. Set-off and Counterclaim—Repurchase of Lease Held Not Connected with Former Transaction.—Seller of lease could repurchase it without surrendering any of rights theretofore existing on a note growing out of a former transaction between them with reference to same lease, so that only way by which seller could litigate, in action on note given on repurchase, rights growing out of former transaction, would be by way of set-off, and not counterclaim, under Civil Code of Practice, section 96, subsections 1, 2.

3. Set-off and Counterclaim—Set-off does Not Exist where a Demand for Unliquidated Damages.—Defendant's right to set-off under Civil Code of Practice, section 96, subsection 2, does not exist, although it may be based on a contract, where amount to be recovered is a demand for unliquidated damages, unless plaintiff is either insolvent or a nonresident, or unless there is sufficient equity in case to entitle defendant to set-off.

4. Principal and Agent—That Note was that of Undisclosed Principal Not Defense.—Demurrer was properly sustained to paragraph of answer alleging that note sued on was obligation of undisclosed principal, since that allegation contradicted face of writing, without alleging facts authorizing reformation, and without anything appearing thereon as foundation of such a claim.

W. L. KASH for appellant.

RYLAND C. MUSICK for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On April 3, 1919, appellee. and plaintiff below, K. Z. Wilking, filed this ordinary action in the Breathitt circuit court against the appellant and defendant below, James Duff, seeking to recover a judgment against him for the amount of a note he executed to plaintiff on January 30, 1919, whereby he agreed to pay plaintiff on or before February 3 of the same year the sum of $1,000.00. In the note (which was also signed by plaintiff) following the promise of defendant there is this statement: "And said K. Z. Wilking hereby agrees to surrender a certain agreement and assignment of an oil and gas lease made July 2, 1918, covering a tract of land known as the Trent tract, upon the said payment of the $1,000.00." That language would seem to indicate, and which the pleadings in the case assert is true, that the note was executed by defendant in consideration of an assignment at that time of an oil and gas lease, on a tract of land known as the Trent tract and the surrendering of an agreement between plaintiff and defendant with reference to that lease made on July 2, 1918. The answer admitted the execution of the note sued on, but averred that it was not the intention of the parties that defendant should be personally bound thereby because of an alleged understanding at the time that he was executing it for an undisclosed principal. In another paragraph defendant attempted to plead as a counterclaim or set-off that on July 2, 1918, he owned the oil and gas lease on the Trent tract of land, and on that day assigned and transferred it to plaintiff, and that there were certain agreements on the part of the latter in that written assignment, about developing the lease, with which he had not complied and by reason thereof defendant was damaged in the sum of $3,000.00, for which he prayed judgment against plaintiff. The court sustained a demurrer filed to the answer and defendant declining to plead further, judgment was rendered against him and complaining that the court erred in sustaining the demurrer to his answer he prosecutes this appeal.

Clearly the answer cannot be considered as a counterclaim since to be such the matters relied on therein must grow out of and proceed from the cause of action stated in the petition. Section 96, subsection 1, Civil Code of Practice, and cases found in notes thereto. The assignment of the lease to plaintiff on July 2, 1918, and

his agreements and obligations incurred therein are entirely separate and distinct matters from the reassignment of the lease to defendant for the consideration for which the note sued on was executed. Defendant could repurchase that lease from plaintiff without in the least surrendering any of his rights theretofore existing against plaintiff growing out of a former transaction between them with reference to the same lease. So that, the only way by which he could litigate in this action such prior rights would be by way of set-off growing out of that independent cause of action arising from violations of the obligations assumed by him in the transfer to him of that lease. Subsection 2, section *supra* of the Code. But defendant's right of set-off does not exist, although it may be based upon a contract, where the amount to be recovered therein is a demand for unliquidated damages, unless plaintiff is either insolvent or a nonresident; or unless there is some sufficient equity in the case to entitle defendant to the set-off. Garner v. Jones, 94 Ky. 135; Doysher v. Adams, 16 Ky. L. R. 582; Cross v. Synder, 164 Ky. 370, and Simons v. Douglas' Executor, 189 Ky. 644. It does not appear from defendant's answer that plaintiff was either insolvent or that he was a nonresident of the Commonwealth and, under the cases *supra* and many others which might be referred to, he is not entitled to recover herein by way of set-off under the facts as pleaded in his answer without the further allegation that plaintiff was either insolvent or a nonresident of the state. It follows, therefore, that in as much as the answer contained neither an enforceable counterclaim nor pleaded facts entitling defendant to a set-off, the court properly sustained the demurrer filed to that paragraph of the answer, and the demurrer was likewise properly sustained to the other paragraph alleging that the obligation was that of an undisclosed principal, since that allegation contradicted the face of the writing without alleging any facts authorizing its reformation, and without anything appearing thereon as a foundation for such a claim, such as words of a *descriptio personae* effect.

Wherefore, the judgment is affirmed.