## Merchants' Wholesale Grocery Company v. Bond-Foley Lumber Company.

(Decided December 14, 1927.)

### Appeal from Jackson Circuit Court.

1.  Corporations.—Where solvent defendant was sued on a grocery account, and set up as his defense that he had returned to the plaintiff corporation, as payment of indebtedness, stock which it

had been agreed would be accepted by the plaintiff at any time as credit on existing indebtedness, held, that such agreement to take back its stock was unenforceable, as a violation of Ky. Stats., sec. 544, prohibiting corporations from taking their capital stock by purchase or as security, unless necessary to prevent loss on debt previously contracted.

2. Set-off and Counterclaim.—In a suit on a grocery account, wherein defendant by his answer alleged that the plaintiff had agreed to sell defendant wholesale groceries 10 per cent. below the price of other dealers, but had not done so, such answer held not to state a counterclaim, under Civil Code of Practice, sec. 96, subsec. 1; there being no showing that his cause arose out of the sale described in plaintiff's petition or was in any way connected with it.

3. Set-off and Counterclaim.—That plaintiff had agreed to sell wholesale groceries 10 per cent. below the price at which defendant could buy them elsewhere, but had not done so, and defendant had bought groceries from other persons, could not be pleaded as a set-off, under Civil Code of Practice, sec. 96, subsec. 2, in a suit for payment of groceries purchased, damages claimed being unliquidated, since amount thereof was difference between prices quoted by plaintiff and their cost at 10 per cent. below regular wholesale prices.

WOODWARD, WARFIELD & HOBSON, JOHN MARSHALL, JR., and J. R. LLWELLYN for appellant.

L. C. LITTLE for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

The Merchants' Wholesale Grocery Company (hereafter called plaintiff) is a corporation engaged in the wholesale grocery business and has only retail stores for its stockholders. It sued the Bond-Foley Lumber Company, a corporation (hereafter referred to as defendant), for $412.34 on account. The defendant admitted the account, but tendered in payment its check for $112.34 and certain shares of stock in the Creasy Corporation of the par value of $300, and based its right to do this on a verbal contract which it claimed was made when it purchased and paid for $300 in stock in plaintiff company by which plaintiff undertook and agreed to sell and furnish to it groceries at 10 per cent. less than it could purchase the same character and class of groceries of other wholesale grocers, and also agreed that it might surrender its stock at any time and accept a credit therefor on an existing indebtedness due plaintiff.

. It further alleged that in September, 1921, the plaintiff company and a number of other similar corporations were merged in the Creasy Corporation, which continued the business of the former companies under their individual names. Upon plaintiff's agreement that the defendant would have the same privileges and rights with the Creasy Corporation as was given it in the contract with the plaintiff corporation, defendant surrendered its stock in the plaintiff corporation and accepted stock in the Creasy Corporation. Prior thereto it had purchased large quantities of goods from plaintiff. Subsequently it ordered goods from plaintiff, but they were not satisfactory in price or quality, and defendant had to purchase goods from other wholesale grocers, and during the past five years it did purchase from other wholesale merchants goods at a cost of at least $36,000 which under the contract it had a right to purchase from the plaintiff at 10 per cent. less than other grocers charged, and thereby plaintiff had breached its contract to defendant's damage in the sum of $3,600, this item being pleaded in a separate paragraph as a counterclaim and set-off. The questions of law and fact were submitted to the court, who found the contract to have been made as claimed by defendant, and who required the plaintiff to accept the stock and defendant's check for $112 in settlement of its debt. But he also found that the facts proven on the counterclaim and set-off were not sufficiently definite to form the basis of a judgment, and dismissed that part of the pleadings. The plaintiff has entered motion for an appeal from so much of the judgment as requires it to accept its stock in payment of its debt. And the defendant asks a cross-appeal from the judgment of the court dismissing its counterclaim and set-off.

1. As to the questions on the original motion for appeal, the stock certificate issued by the Creasy Corporation contained a provision specifically denying the stockholder the right to surrender his stock in payment of goods. The force of this provision is admitted, but there was no such provision in the certificate issued by the Merchants' Wholesale Grocery Company. And defendant relied on its version of the original contract of purchase as authorizing it to make such surrender, and the lower court upheld its contention in this respect. If we assume that such contract was made, it could only

apply to the surrender by defendant and the acceptance by plaintiff of plaintiff's own stock as a credit on the indebtedness due it; and, even then, unless necessary to secure a pre-existing debt due plaintiff, it was invalid under section 544, Ky. Statutes, which reads:

"No corporation shall take, as security for any debt, a lien upon any part of its capital stock, or be the holder or purchaser of any part thereof, unless such lien or purchase shall be necessary to prevent loss upon a debt previously contracted."

The defendant company is admitted to be solvent and no necessity is shown for a security of its indebtedness; hence this statute applies with full force. See Merchants' Wholesale Grocery Co. v. Forsythe, 198 Ky. 334, 248 S. W. 869. The ruling of the lower court on this item might be adjudged erroneous on other grounds, but we think this one sufficient.

2. On its cross-appeal defendant insists that it was entitled to a judgment upon the affirmative plea set up in answer. The first question to be considered on this appeal is whether the facts stated in the answer constituted a counterclaim. If plaintiff had violated the terms of the 1918 contract in the sale of the bill sued on, and defendant had been damaged thereby, such breach of the 1918 contract would arise out of the transaction stated in the petition and be properly pleaded as a counterclaim. And each of the alleged violations of the 1918 contract at other times and in the sale of other bills would in like manner be connected with the original contract; but it cannot be said that either of them arises out of the sale described in the petition or is in any way connected therewith. Consequently the facts stated in the answer do not constitute a counterclaim which must arise out of the contract or transaction stated in the petition as the foundaion of plaintiff's claims or be connected with the subject of the action. See section 96, subsec. 1, of the Civil Code; Duff v. Wilking, 203 Ky. 817, 263 S. W. 373; Damron v. Sowards, 203 Ky. 212, 261 S. W. 1093; Abernathy & Pinegar v. Meyer Bridges Coffee & Spice Co., 99 S. W. 942, 30 Ky. Law Rep. 844; Renaker v. Smith. 109 Ky. 643, 60 S. W. 407, 22 Ky. Law Rep. 1292.

Nor can these facts be pleaded as a set-off in which the cause of action must arise upon a contract, judgment, or award (subsection 2, section 96, Civil Code), and even

then will not lie for unliquidated damages, unless the adverse party is a nonresident or is insolvent or some other equity exists in favor of the pleader. Garner v. Jones, 94 Ky. 135, 21 S. W. 647, 14 Ky. Law Rep. 792; Shropshire v. Crouch, 2 Metc. 143; Cross v. Snyder's Adm'r, 164 Ky. 370, 175 S. W. 641; Duff v. Wilking, supra. None of the named exceptions appear in this case and an analysis of the pleadings shows that the claim is for unliquidated damages. True, it is alleged that the contract of 1918 was to the effect that plaintiff would furnish defendant groceries 10 per cent. cheaper than the wholesale price at which defendant could buy from other wholesale grocers and that appellant failed to furnish it groceries 10 per cent. cheaper than other grocery companies, although it did at different times request it to do so, and that defendant purchased $36,000 worth of goods for other wholesale dealers for which plaintiff owes it 10 per cent. in damages.

From these allegations plaintiff might have priced groceries cheaper than other wholesale grocers were selling them though not 10 per cent. cheaper.    Such conduct, if the contract was otherwise enforceable, would be a breach of contract for which the defendant might recover on necessary purchases, but the amount of his damages would vary according to the quoted prices. If plaintiff's quotations were no cheaper than those of other grocery companies, it might be said that defendant was entitled to 10 per cent. liquidated damages. But, if the quotations were cheaper in any respect than the regular prices, the defendant would only be entitled to recover its actual loss in failing to get the goods at 10 per cent. less than the regular price, and this would be the difference between the price of the goods quoted by plaintiff and their cost at 10 per cent. below the regular wholesale price, and this would be unliquidated damages.    It follows that, if a cause of action was stated in the answer, it was not properly pleaded in a set-off.

Wherefore the motion for a cross-appeal is overruled. The original motion for an appeal is sustained, appeal granted, and judgment reversed, with directions for proceedings in accordance with this opinion.