## Thomson v. Baird's Executors.

(Decided November 19. 1929.)

WALTER P. LINCOLN, R. F. PEAK and J. M. HAYSE for appellant.

JOHN G. HEYBURN and PETER, LEE, TABB & KRIEGER for appellees.

Opinion of the Court by Judge Willis—Affirming.

The personal representatives of W. J. Baird instituted this action against C. S. Thomson upon an interest-bearing promissory note for $1,300, payable upon demand. Thomson admitted the execution and nonpayment of the note, and relied solely upon a counterclaim for defense. The court sustained a demurrer to the counterclaim as amended, and Thomson declined to plead further. Judgment was thereupon rendered against Thomson for the amount of the note and he has prosecuted this appeal. The question presented is whether the matters set forth in the counterclaim were available as a defense to the action upon the note. The question is regularly raised by a demurrer. Payne v. Vowells, 171 Ky. 377, 188 S. W. 413.

It appeared that Thomson had a written contract with W. J. Baird which entitled him to 1/25 of the net profits of a business conducted by Baird, and in which Thomson was employed. The profits were to be determined and apportioned by Baird in January of each year, but Thomson was permitted to draw in anticipation of his share. During the years 1910, 1911, and 1912 Thomson overdrew his account to the extent of $1,300. It was for this overdraft that the note in suit was given. In 1912 Baird's business was incorporated, and he then gave Thomson an option to continue under the arrangement made prior to the incorporation and receive 1/25 of the net profits, or to accept a new arrangement by which 50 shares of stock should be purchased. Thomson elected to take the stock and executed his note to Baird for $7,800, payable on demand. The 50 shares of stock were issued to Thomson and pledged to Baird as collateral security on the note. The basis of the counterclaim is that in 1922 Thomson learned that his share of the net earnings of the corporation which should have been allocated to his stock was sufficient to pay off and discharge both his notes. He thereupon demanded of Baird a surrender of the two notes and a release of the stock certificate from the pledge. Baird then discharged Thomson from the employment of the company, surrendered the $7,800 note, retained the $1,300 note, and had the 50 shares of stock transferred from Thomson to himself. This transaction was relied upon as a conversion of the stock. The relief sought by Thomson was a transfer of the stock back to him, and an accounting by the executors to him in the sum of $5,000 for the dividends on

the stock collected by and converted to the use of said Baird, after the transfer of the stock in 1922, subject to a credit for the $1,300, with interest from January 2 ,1913, due upon the note. The circuit court held that the matters set up in the pleading of Thomson were not the proper subject of a counterclaim, and, as no other defense was interposed, rendered a judgment pursuant to the prayer of the petition. In order that a counterclaim may be maintained it is necessary that the matter thereof shall arise out of the contract or transaction stated in the petition, and which constitutes the foundation of the plaintiff's action, or it must be connected with the subject of the action. Section 96, Civil Code. The foundation of the claim against appellant was the promissory note given for an overdraft, and it constituted an absolute and unconditional obligation to pay, upon demand, the amount specified. The matters set up in the counterclaim do not arise out of the contract or transaction stated in the petition. They are based upon a conversion of corporate stock. It is insisted, however, that they are connected with the subject of the action. It is said that the subject of the action is the plaintiff's primary right, which has been broken, and by means of whose breach a remedial right arises. Pomeroy on Code Remedies (4th Ed.) sec. 651; Kinsman v. Stanhope, 50 Mont. 41, 144 P. 1083, L. R. A. 1916C, page 473. Proceeding from the definitions found in the authorities cited and others of similar tenor, appellant contends that the subject of the action in this case was the contract of employment of appellant, coupled with an agreement to apportion to him a part of the profits of the business in which he was employed, out of which the note set up in the petition and the conversion complained of in the counterclaim both arose. Manifestly the execution of the note superseded the prior transactions resulting in the overdraft. It was a written obligation, absolute upon its face, and could not be defeated by a counterclaim based upon an indpendent transaction of an entirely different character. Pickrell v. Wilson, 199 Ky. 20, 250 S. W. 135; Simons v. Douglas, 189 Ky. 644, 225 S. W. 721; Loomis v. Eagle Bank, 10 Ohio St. 327; Barret v. Clarke, 226 Ky. 109, 9 S. W. (2d) 1091; Cross v. Snyder, 164 Ky. 370, 175 S. W. 641; Duff v. Wilking, 203 Ky. 817, 263 S. W. 373.

It is plain that the Civil Code, sec. 96, does not authorize, in this proceeding upon a note, a counterclaim asserting rights of Thomson growing out of a stock

transaction subsequently made with Baird: Allen v. Hodge, 106 S. W. 255, 32 Ky. Law Rep. 509. Nothing is properly involved here but the collection of the note. The note was executed to pay for an admitted and independent indebtedness. The subsequent transaction respecting the stock did not arise out of it, and is not connected or associated with it, and any right of action concerning it is not allowable as a counterclaim in this case. Such a claim must be litigated in an independent action. Lyric Piano Co. v. Purvis, 194 Ky. 826, 241 S. W. 69.

The judgment is affirmed.