## Moreland v. Fryar, et al.

(Decided January 9, 1912.)

### Appeal from Powell Circuit Court.

Appeals—Jurisdiction—Does Not Relate to Possession or. Interest in Land.—An appeal from a judgment for $100.00 which does not. relate to the possession, or interest in land, must be dismissed. The fact that it was for deceit in the sale of land does not make it relate to possession or interest in land.

J. B. WHITE for appellant.

(No brief for appellee.)

OPINION OF THE COURT BY JUDGE NUNN—Dismissing appeal.

This appeal is from a judgment for $100 in favor of the appellees for damages for deceit in the sale of land. Appellees claim that appellant sold them ten acres of land which did not belong to him; that it belonged to one Martin; and he conceded that the land referred to did belong to Martin. The only issue was as to whether or not appellant sold it to the appellees. The title to this land was not in dispute or affected in any way by the judgment below. This action was for money only, and, therefore, this court has not jurisdiction of the appeal. Section 950, Kentucky Statutes, provides:

"No appeal shall be taken to the Court of Appeals from a judgment for the recovery of money or personal property, if the value in controversy be less than $200."
\* \* \*

Appellant's counsel refers to the case of Churchill v. Commonwealth, 52 Ky., 333, in which it is said:

"As every judgment affecting the possession or right of enjoyment and use of land does more or less directly affect or relate to the title and even to the freehold title in or to the land, we are of opinion that under a proper construction of the statute, an appeal is allowed upon any and every judgment determining or relating to a title or interest in land asserted and involved in the pro-ceedings."

The judgment in this case does not in any way affect the possession, right or enjoyment, or use of land, and does not in any way relate to the title or any interest in the land. For these reasons the appeal is dismissed.