## Damron and Stephens, Trustee v. Sowards, Ex-Sheriff, et al.

(Decided May 13, 1924.)

### Appeal from Pike Circuit Court.

1. Pleading—Set-Off and Counterclaim—Damages Growing Out of Attachment Proceedings Not to be Presented by "Counterclaim" or "Cross-Petition."—Where original action was for goods sold, a cause of action for damages growing out of attachment proceedings therein could not be presented by "counterclaim" or "cross-petition," under Civil Code of Practice, section 96, subsecs. 1, 3, defining "counterclaim" and "cross-petition."

2. Appeal and Error—Refusal to Dismiss Counterclaim and Cross-Petition Harmless Error, where Judgment was for Plaintiff.—Where defendant's counterclaim and cross-petition should have been dismissed on demurrer, as verdict and judgment against defendant had same effect, alleged errors were not prejudicial.

R. H. COOPER, WILLIS STATON and E. B. STEPHENS for appellants.

PICKLESIMER & STEELE and DAUGHERTY & BARRETT for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

J. J. Castellini and J. B. Moos Company, wholesale fruit dealers of Cincinnati, Ohio, brought separate suits in the Pike quarterly court against R. J. Damron & Son, in which the former sought to recover the sum of $87.73, and the latter the sum of $103.67. Orders of attachment were asked and granted in each case and placed in the

hands of R. H. Sowards, sheriff of Pike county, for execution. On the same day the sheriff levied on a stock of groceries in a store which Damron conducted in a remote section of the county. The goods were appraised and an inventory returned fixing their value at $411.70. An order was then entered directing an immediate sale of the property on account of its perishable nature. The proceeds of the sale amounted to $471.50 and were properly disbursed. Later on, Damron was adjudged a bankrupt, and A. B. Stephens was appointed trustee in bankruptcy.

Some time after the sale, Damron and Stephens, as trustee, filed in each of the original suits an answer, counterclaim and cross-petition against the plaintiff therein, the sheriff and his surety, by which they asserted a claim for damages growing out of the attachment proceedings. The two causes were then transferred to the Pike circuit court and heard together. The trial resulted in a verdict and judgment adverse to Damron and the trustee in bankruptcy, and they have prosecuted this appeal.

In view of the conclusion of the court it will not be necessary to consider the grounds urged for a new trial. A counterclaim is a cause of action in favor of a defendant against a plaintiff, or against him and another, which arises out of the contract, or transaction, stated in the petition as the foundation of the plaintiff's claim, or which is connected with the subject of the action. Civil Code, section 96, subsection 1. A cross-petition is the commencement of an action by a defendant against a co-defendant, or a person who is not a party to the action, or against both; or by a plaintiff against a co-plaintiff, or a person who is not a party to the action, or against both; and is not allowed to a defendant, except upon a cause of action which affects, or is affected by, the original cause of action; nor to a plaintiff, except upon a cause of action which affects, or is affected by, a set-off or counterclaim. Civil Code, section 96, subsection 3. Each of the original actions was for goods sold and delivered. The cause of action set up in the counterclaim and cross-petition was for damages growing out of the attachment proceedings. It did not arise out of the contract or transaction stated in the petition as a foundation of plaintiffs' claim. It was not connected in any way with the subject of the action. It did not affect, nor was it affected by, the original cause of action. On the contrary, it arose long after the occurrence of the transaction by which the original debt

was created, and was based entirely upon subsequent wrongs alleged to have been committed by the plaintiff in the enforcement of the collection of the debt.  Under repeated decisions of this court, such a claim cannot be presented by counterclaim and cross-petition in the main action, and the demurrers thereto should have been sustained, and the counterclaim and cross-petition dismissed. Abernathy & Pinegar v. Meyer-Bridges Coffee & Spice Co., 99 S. W. 942; Geoghegan v. Ditto, 2 Met. 434, 74 Am. Dec. 413; Nolle v. Thompson, 3 Met. 121; Hancock v. Hancock, 69 S. W. 757.  As the trial resulted in a verdict and judgment having the same effect, it follows that none of the alleged errors relied on for reversal were prejudicial to the substantial rights of appellants.

Judgment affirmed.