## Louisville & Nashville Railroad Company v. Deacon et al.

(Decided December 3; 1929.)

812

ASHBY M. WARREN, FAUREST & FAUREST and H. T. LIVELY for appellant.

J. R. LAYMAN for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

E. P. Deacon instituted an action to recover damages from the Louisville & Nashville Railroad Company for the destruction of vegetables growing in his garden. It was alleged that the defendant had negligently caused surface water to accumulate and wrongfully permitted it to remain on the plaintiff's garden with the result indicated. Madisonville, H. & E. Ry. Co. v. Graham, 147 Ky. 604, 144 S. W. 737; Madisonville, H. & E. Ry. Co. v. Thomas, 148 Ky. 131, 146 S. W. 33. Deacon was a minister and occupied the parsonage and premises as a tenant of the trustees of his church. He alone was interested in the property injured, and no part of it belonged to the landlords. The defendants relied upon several defenses and presented a counterclaim and cross-petition against the trustees of the church, who owned the lot where the garden was growing, claiming damages to the railroad property by a negligent act of the trustees in causing surface water to accumulate and stand thereon. The right to assert the cause of action against the trustees in the action prosecuted by the tenant for his own benefit was seasonably challenged. The case was submitted to the court without the intervention of a jury. Judgment was entered for Deacon for $100, and the counterclaim and cross-petition of the defendant against the trustees was dismissed without prejudice. The railroad company has prosecuted the present appeal, insisting upon a reversal of the judgment.

Many interesting questions are argued in the briefs, but it is unnecessary to discuss them. The judgment as to Deacon is not subject to review, since the damage recovered is less than the amount required to confer jur-

isdiction upon this court. Section 950-1, Ky. Stats.; Moreland v. Fryar, 146 Ky. 141, 142 S. W. 218.

The claim of the railroad against the trustees constituted an independent cause of action for a tort committed by them against it, and it was asserted against persons who were not parties to the original action. Such a claim cannot be presented by counterclaim or cross-petition, or litigated, in the present suit. Wells v. Boyd, 1 Duv. 366; Nahm & Friedman v. Register Newspaper Co., 120 Ky. 485, 87 S. W. 296, 27 Ky. Law Rep. 887, 9 Ann. Cas. 209; City of Georgetown v. Groff, 136 Ky. 662, 124 S. W. 888; Mattingly v. Eversole (Ky.) 113 S. W. 447; Kreate v. Miller, 226 Ky. 444, 11 S. W. (2d) 99; Damron v. Sowards, 203 Ky. 211, 261 S. W. 1093; Wahl v. Lockwood & Gasser, 227 Ky. 183, 12 S. W. (2d) 323; Consolidated Coach Corporation v. Burge (Ky.) 22 S. W. (2d) 108, 231 Ky. 713. For that reason the circuit court properly dismissed the counterclaim and cross-petition of the appellant against strangers to the original suit.

The judgment is affirmed.