## Patton v. Clay Motor Co.

Nov. 1, 1940.

W. E. Begley, Judge.

T. T. Burchell for appellant.

R. W. House for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

The appellee, Clay Motor Company, a partnership composed of E. S. Langdon and J. M. Baker, Jr., instituted this action against the appellant, William Patton, on July 7, 1937, alleging that on June 5th of that year it had sold and delivered to the appellant a Chevrolet truck for the agreed price of $1,238.52, of which the appellant paid $377 in cash or its equivalent and agreed to sign a conditional sales contract and to finance the balance of the purchase price with the General Motors Acceptance Finance Corporation "for a period of twelve months and to pay thereon monthly the sum of $71.80." The appellee further alleged that the appellant had "failed and refused to sign said conditional sales contract standard form of General Motors for payment on the instalment plan" and had refused to pay the ballance of the purchase price, and that the appellee thereupon became entitled to recover the balance of the purchase price alleged to be $861.52 with interest from July 7, 1937, until paid. It was further alleged that the appellee was unable to secure insurance on the truck and that its value was being depreciated daily by its use by the appellant, and that the appellant had no other property subject to execution. Grounds for a general order of attachment were also alleged, and the sufficiency of these grounds was questioned by a motion of the appellant to discharge the attachment, and is also questioned on this appeal.

In his answer the appellant traversed the material allegations of the petition and affirmatively alleged that on June 7th, he had made the payment of $377 required of him by the appellee and on that date had executed and delivered to the appellee a standard form General Motors sales contract which provided for the payment of twelve monthly instalments of $71.80 each, beginning thirty days after that date. He further alleged that he had paid additional sums for license and sales tax, but that the appellee, which had undertaken to do so, had been unable to finance the transaction with the General Motors Acceptance Corporation and had demanded of him that he pay $50. additional for insurance, the cost of which had been included in the original sale price, and that on July 7th, the date on which the action was instituted, he had offered to pay the monthly instalment of $71.80 maturing on that date, but that the appellee had refused to accept the payment.

Other issues were injected into the case, such as appellant's claim for damages alleged to have been sustained by reason of the attachment, and there is much confusion concerning the amount of the purchase price and as to whether the cost of the insurance was in fact included therein. However, the issues were eventually completed and a trial was had which resulted in a verdict for the appellee in the sum of $813.72 with interest from October 7, 1937, under instructions which, though involved and confused, were tantamount to an instruction to find for the appellee the sum of $813.72. Since we have concluded that the Court, under the evidence, should have sustained appellant's motion for a directed verdict at the conclusion of the evidence offered on behalf of the appellee, we deem it unnecessary to further discuss the instructions given or the sufficiency of the allegations of the grounds for the attachment.

The testimony is set forth in the bill of exceptions in narrative form and conclusively shows that the appellant completely performed all of the conditions required of him at the time of the sale and delivery of the truck. Without attempting to determine whether the purchase price was $1,238.52, as testified to by Langdon, or $1,188.52, including a $50 charge for insurance, as contended by appellant, or whether grounds for attachment were accurately stated, it is sufficient to say that according to the uncontradicted testimony appellant was not required by the terms of the contract of sale to pay the balance of the purchase price of the truck other than in monthly instalments of $71.80, the first of which became due on July 7, 1937, the date on which the suit was instituted and the attachment issued. It is nowhere alleged or proven that the payments were to be precipitated in the event of a default, nor is it shown that any default occurred.

Of course, if the appellant, as alleged in the petition had refused to sign a contract for the financing of the transaction with the General Motors Acceptance Corporation as he had agreed to do, and the signing of such a contract had been made a condition precedent to the passage of title or to the right of appellant to discharge the balance of the purchase price in monthly payments, the appellee would have been entitled to relief. But, as before stated, the testimony shows that the appellant did sign the blank form of contract tendered him by the

appellee, ar·¹ that it was through no fault of his that the financing plan fell through. There is nothing to indicate that he undertook to conduct the negotiations with the Acceptance Corporation or agreed to pay the balance of the purchase price in cash if the Acceptance Corporation declined to accept the contract tendered it.

On the whole case it is apparent that the appellee was not entitled to precipitate the debt, or to maintain an action to recover of the appellant more than the amount of any monthly installment of the balance of the purchase price which might be due and in arrears at the time of the institution of the action.

Judgment reversed for further proceedings consistent with this opinion.