## Patton v. Clay Motor Co.

March 20, 1942.

A. T. W. Manning and T. T. Burchell for appellant.

Roy W. House for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

On a former appeal the alignment of parties was the same as above. 284 Ky. 294, 144 S. W. (2d) 503, 504. We reversed and remanded because of our conclusion that under the pleadings and proof the trial court should have sustained appellant's motion for a directed verdict.

In the first case the matter proceeded to a trial by jury, resulting in a verdict for appellee for $813.72, under instructions which "though involved and confused were tantamount to an instruction to find for appellee" the sum claimed. Our conclusion was announced as follows:

"It is nowhere alleged or proven that the payments were to be precipitated in the event of a default, nor is it shown that any default occurred."

We then added:

"* * * if the appellant, as alleged in the petition had refused to sign a contract for the financing of the transaction with the * * * Acceptance Corporation as he had agreed to do, and the signing of such a contract had been made a condition precedent to the passage of title or to the right of appellant to discharge the balance of the purchase price in monthly payments, the appellee would have been entitled to relief."

In the former opinion we noted that:

"Grounds for a general order of attachment were also alleged, and the sufficiency of these grounds was questioned by a motion of the appellant to discharge the attachment, and is also questioned on this appeal."

Looking to the old record we find that the trial court not only sustained the attachment, but appointed a special commissioner to, and he did expose the property to sale, as appears from the instant record.

Our mandate was filed in the lower court on January 23, 1941, the former judgment set aside, and by agreement of parties the cause was assigned to a day. Shortly thereafter an amended petition was tendered, which over appellant's objection was ordered filed. In the pleading appellee set up the allegation which we have copied, supra, from our first opinion, met with denial by appellant.

When called for trial the case took the following course, as evidenced by judgment:

"After the swearing of the jury and the statement of counsel, at the court's direction came the special commissioner of this court in this case and filed his report of sale."

This report showed that following the judgment rendered on the first trial (Sept. 1937) the commissioner had, on November 8, sold the truck for the amount of the debt, interest and cost, and transferred it on behalf of Wm. Patton to E. S. Langsdon.

The report was confirmed over appellant's objection, without tender of exceptions or motion for time. The judgment then recited that at the time of sale there was in effect the prior judgment for $813.72, with interest and cost. It was further observed that the judgment was reversed by this court, but at the time of sale the debt interest and cost "was the amount of such items in the contemplation of the bidder, and the court adjudges that although the money judgment above referred to has been set aside, yet having acquired the truck at such sale in the circumstances stated, the plaintiff is accountable therewith as a credit in favor of defendant.

"The defendant in his pleadings set up claim for damages alleged to have been sustained because of the wrongful attachment of the truck. Since the attachment has heretofore been sustained, and is now sustained, manifestly recovery for damages alleged to have been sustained by wrongful attachment could not be recovered."

Thereupon the court set aside the swearing of the jury and dismissed the petition as amended and dismissed defendant's counterclaim, defendant excepting, and allowed appeal.

Counsel for appellee takes the position that the trial court, finding the situation stated above, properly dismissed appellant's pleadings, and dismissed appellant's counterclaim, pointing out, as is shown from an examination of the former record, that the first judgment was not superseded, and no effort was made to stop the proposed sale, and since judgment was for the amount of the debt interest and cost, and no other relief was sought, the

court properly dismissed the plaintiff's petition and defendant's counterclaim.

Appellant does not contend that the court erred in dismissing counterclaim, contending only that the court should have heard proof on the issues raised by appellant's pleadings and the answer of defendants; not indicating what could have been accomplished by such a hearing.

In our former opinion we noted that grounds for the attachment were set up, and their sufficiency challenged by motion to discharge, which we did not discuss or decide, nor need we discuss the point now, since apparently the only question presented is whether the court erred in dismissing appellant's counterclaim, based on the ground that the attachment had been wrongfully obtained, and the truck wrongfully held.

This question has heretofore been determined, the court holding in a similar case that under Civil Code of Practice, Section 96, which defines a counterclaim as being a cause in favor of a defendant against a plaintiff arising out of the contract or transaction set up as the foundation of plaintiff's claim, or which is connected with the subject of the action, defendant, in an action for debt for goods sold, may not counterclaim for damages suffered by reason of the wrongful procurement of the attachment, or losses suffered as a result. Abernathy & Pinegar v. Meyer-Bridges Coffee Co., Ky., 99 S. W. 942. This ruling was adopted with approval in Damron v. Sowards, 203 Ky. 211, 261 S. W. 1093, and in Merchants' W. G. Co. v. Bond-Foley Lumber Co., 222 Ky. 320, 300 S. W. 872, which cites Renaker v. Smith, 109 Ky. 643, 60 S. W. 407.

It may be noted further that Section 7, Kentucky Statutes, provides the remedy for recovery of damages where an attachment is obtained wrongfully or without good cause. Concluding that the trial court, under the circumstances, was correct in his conclusions, the judgment is affirmed.