RENDERED: JANUARY 8, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0941-MR

WISE TECHNICAL                                          APPELLANT
MANUFACTURING, LLC

v.        APPEAL FROM JEFFERSON CIRCUIT COURT
          HONORABLE BARRY WILLETT, JUDGE
          ACTION NO. 17-CI-000889

TREE CARE, INC.                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, MAZE, AND MCNEILL, JUDGES.

CALDWELL, JUDGE: Wise Technical Manufacturing, LLC (Wise Technical)
appeals from a Jefferson Circuit Court judgment in favor of Tree Care, Inc. (Tree
Care) following a bench trial. Wise Technical argues that the trial court applied
the wrong standard of proof to its breach of contract claim and issued clearly
erroneous factual findings. But we discern no reversible error arising from the trial
court's applying a clear and convincing standard of proof to the breach of contract

claim under the facts here and no clear error in the trial court's factual findings. And although our reasoning may differ somewhat from the trial court's, we conclude that the trial court reached the correct result. Thus, we affirm.

## FACTS

Wise Technical produces and sells mulch colorants. David Wise (David) owns and manages Wise Technical. His wife, Hilary Wise (Hilary), has also been involved with the company and has served as its chief marketing officer.

Tree Care is a landscaping business which provides services including tree removal, mulching, and outdoor stone work. Tree Care is owned and managed by Edward "Eddie" Hager (Hager).

In 2017, Wise Technical filed suit against Tree Care alleging that Tree Care owed it $16,800 for six totes of brown mulch colorant and asserting claims for breach of contract, promissory estoppel and unjust enrichment. The trial court entered judgment in Tree Care's favor on all claims after a bench trial. Although Hager and the Wises (David and Hilary) in their individual capacities were not parties to the case, much of the proof presented concerned these three individuals' actions.

As found by the trial court: "In 2011, Wise Technical and Tree Care entered into a regular business relationship in which they would exchange goods and services and settle any outstanding balances on their accounts either in cash,

by check or through bartering." (Judgment, p. 2) The trial court further found "[s]ometimes, Tree Care would make payments and render landscaping services directly to the Wises as compensation for colorant it had ordered from Wise Technical," and the parties did not keep detailed written records of transactions. (Judgment, p. 2).

Tree Care did not send written purchase orders to Wise Technical; instead, orders were placed orally by phone. And no receipts were issued when mulch colorant was delivered to Tree Care or when the Wises received landscaping services from Tree Care. Similarly, Wise Technical did not immediately send Tree Care invoices after delivering mulch colorant to Tree Care.

Despite the lack of other written records, "Tree Care issued several checks for about $49,000 in total that were made payable directly to Ms. [Hilary] Wise" from March through August 2013. (Judgment, p. 2). And these checks were deposited into the joint checking account of David and Hilary Wise, but the Wises later reimbursed Wise Technical for the cost of the raw materials in the colorant sold to Tree Care.[1] As noted by the trial court, Hager later testified to also

---

[1] Although not mentioned in the trial court's judgment, the amount of the reimbursement for raw materials was $20,200 paid by check from David to Wise Technical from our review of the trial testimony. Wise testified to only reimbursing Wise Technical for the cost of raw materials instead of the full $49,000 because Wise Technical owed him a larger sum of money.

making cash payments to Hilary during the same time period, but Hilary denied receiving such cash payments.

Despite the parties' apparent satisfaction with the arrangement they had for a while, things broke down sometime between 2013 and the filing of Wise Technical's lawsuit in 2017. According to David's testimony, neither company owed the other any money, goods or services as of August 31, 2013, when Tree Care paid the last of several checks to Hilary. According to Wise Technical, it provided six totes of mulch colorant to Tree Care sometime between late 2013 and 2014, but Tree Care failed to return the colorant or pay for it in money or by bartering satisfactory landscaping services to the Wises.

By around the end of 2013, there were discussions about Tree Care possibly building a patio for the Wises' residence to pay for mulch colorant from Wise Technical. But the Wises were not satisfied with Tree Care's design and had difficulty contacting a Tree Care employee so they decided not to have Tree Care build the patio in the spring of 2014. According to Hager's testimony, Tree Care paid about $1,100 to develop a patio design and paid over $6,600 to buy stones to build a patio for the Wises. Hilary denied authorizing Tree Care to buy the stones in her testimony. As of the trial, the stones remained unused at the Tree Care facility.

There appears to be no dispute on appeal that:

-4-

> After the Wises decided not to hire Tree Care for the patio project, Wise Technical sent an invoice to Tree Care demanding payment for the six totes of mulch colorant by July 26, 2014. Mr. Hager received the invoice but did not immediately dispute the amount that Wise Technical stated it was owed. Nor did Tree Care pay the amount listed on the invoice by July 26, 2014.

(Judgment, p. 3) (footnote omitted).

David sent some text messages to Hager to inquire into possible bartering arrangements for paying off the invoice in late May 2015. Hager did not respond to the messages and later testified he did not recall receiving them. In spring and/or summer 2015, there were additional discussions about Tree Care possibly providing other landscaping services to the Wises, but no agreement was reached. The Wises hired a different landscape company for one project because Tree Care's estimate of its cost was considerably higher than what the other company charged.

In early 2016, David and Hilary learned that a Tree Care employee sent to their home to discuss possible landscaping work was a convicted sex offender. So, David informed Hager that a bartering relationship was no longer possible, and Tree Care would need to pay the $16,800 in money instead of services. Tree Care made no payments. Then, in early 2017, Wise Technical filed suit against Tree Care alleging breach of contract, promissory estoppel and unjust enrichment.

Tree Care's answer denied that it owed the money to Wise Technical and asserted the affirmative defenses of waiver, estoppel and laches. Tree Care did not file a counterclaim. In its answer, it admitted to the allegations of paragraph 4 of the complaint, stating: "Initially the owner of the Defendant [Tree Care] offered to 'pay' the Plaintiff [Wise Technical] through a bartering arrangement whereby [Tree Care] would install an outdoor stone patio with fireplace at the residence of David Wise, owner of Wise Technical Manufacturing, LLC."

Following the bench trial, the trial court asked the parties to file proposed findings of fact, conclusions of law and judgment. Thereafter, the trial court entered its own written findings of fact, conclusions of law and judgment. After summarizing the evidence in its findings of fact, the trial court determined in its conclusions of law that Wise Technical was not entitled to prevail on any of its claims. The trial court discussed both evidence and legal authorities in separate sections on each claim.

Within its discussion of the contract claim, the trial court specifically found the Wises' testimony to be no more credible than Hager's. And noting the conflicts in these witnesses' testimony, the trial court expressed that it was difficult or impossible to figure out "the terms and performance of whatever contract might have existed between the parties." (Judgment, p. 6). Similarly, it stated that it could not figure out the "contours" of the bartering arrangement about the six totes

of mulch colorant or the "true state of the parties' accounts with one another." (Judgment, pp. 6-7).

Next, it stated: "The Court is as convinced that Tree Care failed to compensate Wise Technical for the six totes of mulch colorant as it is that Wise Technical failed to account properly for an equal and offsetting amount of services provided by Tree Care to the Wises." (Judgment, p. 7).[2]

Then the trial court concluded that Wise Technical had failed to prove the elements of its breach of contract claim by clear and convincing evidence so it was not entitled to prevail on this claim.

## STANDARD OF REVIEW

We review the factual findings made by the trial court following the bench trial for clear error. Thus, we must not set aside its factual findings unless they are not supported by substantial evidence. And we must give due regard to the trial judge's opportunity to judge the credibility of the witnesses. But we do not extend similar deference to its application of the law and legal rulings, which we review *de novo*. *EQT Production Co. v. Big Sandy Co., L.P.*, 590 S.W.3d 275, 285 (Ky. App. 2019).

---

[2] Although contained within the section entitled Conclusions of Law, at least some of this discussion appears to involve some fact-finding or assessment of witness credibility.

-7-

# ANALYSIS

I.    *No Reversible Error in Applying Clear and Convincing Evidence Standard*

First, Wise Technical argues that the trial court applied the wrong standard of proof to its breach of contract claim. It asserts that the trial court should have applied a preponderance of the evidence standard. Wise Technical had claimed that preponderance of the evidence was the applicable standard of proof in its proposed findings of fact, conclusions of law and judgment submitted to the trial court. So, we believe the issue was fairly brought to the trial court's attention and properly preserved for review.

The trial court's conclusions of law about the breach of contract claim began with the following discussion:

> To prevail on a claim for a breach of contract, the plaintiff must establish the following elements by clear and convincing evidence: (1) the existence of a contract; (2) a breach of that contract; and (3) damages flowing from that breach. *See Barnett v. Mercy Health Partners-Lourdes, Inc.*, 233 S.W.3d 723, 727 (Ky. App. 2007).

(Judgment, p.6). Wise Technical correctly points out that *Barnett* does not mention a clear and convincing evidence standard. However, *Barnett* does discuss how a plaintiff must show existence of a contract, breach and damages resulting from the breach to prevail on a breach of contract claim. 233 S.W.3d at 727. We

-8-

believe that the trial court cited to *Barnett* to recognize that a plaintiff must prove all three of these elements to prevail on a breach of contract claim.

While *Barnett* does not refer to a clear and convincing evidence standard,[3] long-standing precedent applies a clear and convincing evidence standard of proof to cases involving alleged oral contracts.[4] *See Corbin's Ex'rs v. Corbin*, 302 Ky. 208, 213, 194 S.W.2d 65, 68 (1946) ("The general rule is that where the alleged expressed contract is oral the evidence to support it must be clear and convincing."). *See also Industrial Equip. Co. v. Emerson Elec. Co.,* 554 F.2d 276, 288 (6th Cir. 1977) (quoting *Corbin* rule about clear and convincing evidence standard of proof applying to alleged oral contracts); *Quadrille Business Systems v. Kentucky Cattlemen's Ass'n, Inc.*, 242 S.W.3d 359, 364 (Ky. App. 2007) (in case involving allegations of breach of oral contract, mentioning: "As the court in *Auto Channel Inc. v. Speedvision Network LLC*, 144 F.Supp.2d 784, 790 (W.D. Ky. 2001) stated: In Kentucky, Plaintiffs must show that an actual agreement existed between the parties with clear and convincing evidence. *Industrial Equip. Co. v. Emerson Elec. Co.*, 554 F.2d 276, 288 (6th Cir. 1977).").

---

[3] *Barnett* did not involve allegations of an oral contract. Instead, the plaintiff argued that a document he signed about being financially responsible for receiving treatment created a contract with a hospital. *Id.* at 726.

[4] Wise Technical does not appear to dispute that any contract existing under these facts would be an oral contract. *See* Appellant's brief, p. 15: "Here, since Wise Technical is establishing an oral contract . . . ."

*Corbin* has never been overruled and remains good law. We lack the authority to overrule it. Kentucky Rules of Supreme Court (SCR) 1.030(8)(a). So, we cannot say that the trial court erred in applying a clear and convincing standard of proof to Wise Technical's breach of oral contract claim.

While Wise Technical cites for our consideration recent unpublished state and federal cases applying a preponderance of the evidence standard to breach of contract claims, the cases cited are not binding on this Court and furthermore do not appear to involve allegations of oral contracts. *See DeCampos v. Reed,* No. 2015-CA-000688-MR, 2018 WL 4264925 at *1 (Ky. App. Sept. 7, 2018) (unpublished) (noting in factual summary that the trial court found plaintiff failed to establish breach of contract by a preponderance of the evidence; standard of proof was not a contested issue on appeal); *Babcock Power, Inc. v. Kapsalis*, Civil Action No. 3:13-CV-717-CRS, 2019 WL 1518166 at *1-2 (W.D. Ky. Apr. 8, 2019) (applying preponderance of evidence standard to breach of contract claim based on alleged breach of employee non-disclosure and non-solicitation agreement(s) which would presumably have been in writing).

Wise Technical also cites *Alph C. Kaufman, Inc. v. Cornerstone Industries Corp.*, 540 S.W.3d 803 (Ky. App. 2017), to argue that since Wise Technical is arguing to establish an oral contract, preponderance of the evidence is the proper standard. We noted the applicability of a clear and convincing

-10-

evidence standard of proof to questions of proving by parol evidence the existence of a written contract based upon a lost document in *Cornerstone*, 540 S.W.3d at 812-13. Wise Technical argues that this somehow means that a lesser standard of proof should be used here to prove an oral contract. But *Cornerstone* does not reach the question of what the standard of proof is for oral contracts, and Wise Technical's argument is inconsistent with controlling precedent in *Corbin*. In any event, to the extent that our decision in *Cornerstone* even arguably may be contrary to the standard of proof expressed in *Corbin*, SCR 1.030(8)(a) mandates that *Corbin* would control.

Thus, despite Wise Technical's arguments that the mere money at stake here is less compelling than other societal interests in which clear and convincing evidence standards control, the trial court did not err in applying the clear and convincing evidence standard of proof to the breach of oral contract claim. While we need not reach here whether a preponderance of the evidence standard should be applied in breach of contract cases not involving allegations of oral contracts, we perceive no error in the trial court's applying the clear and convincing evidence standard in this case.

Furthermore, there is no indication in the trial court's judgment that it would have concluded that Wise Technical would have prevailed if it had applied the preponderance of the evidence standard rather than clear and convincing

evidence. Essentially, the trial court found that Wise Technical's witnesses were no more credible and its proof no more compelling than Tree Care's witnesses and proof. Finding their positions in equipoise, the trial court implicitly suggested that there was no preponderance of the evidence in favor of Wise Technical. Thus, assuming *arguendo* that preponderance of the evidence standard should have been applied, any error in the trial court's passing references to a clear and convincing evidence standard of proof was harmless. CR[5] 61.01.

II. *Trial Court's Findings of Fact are Not Clearly Erroneous*

After arguing that the trial court applied the wrong standard of proof to its breach of contract claim in the first argument section of its brief, Wise Technical argues that the trial court's factual findings are clearly erroneous[6] in the next section. But some of the issues it raises in this second section are not purely about whether there is clear error in its factual findings, and so we consider such issues separately. But first, we examine the trial court's factual findings for clear error.

---

[5] Kentucky Rules of Civil Procedure.

[6] Generally, we agree with Wise Technical that in this bench trial case, additional action (such as a motion or objection) was not required to preserve for review the issue of whether the trial court's factual findings were clearly erroneous, meaning not supported by substantial evidence—although this rule does not apply to all other legal issues related to a trial court's findings. *Eiland v. Ferrell*, 937 S.W.2d 713, 715-16 (Ky. 1997).

Having thoroughly reviewed the record, we cannot say that the trial court's factual findings are clearly erroneous despite Wise Technical's arguments to the contrary. The trial court's factual findings included the following statement:

> In 2011, Wise Technical and Tree Care entered into a regular business relationship in which they would exchange goods and services and settle any outstanding balances on their accounts, either in cash, by check, or through bartering.

(Judgment, p. 2).

Wise Technical asserts that the trial court erred by stating, "that Wise Technical and Tree Care bartered in exchange for goods and services from 2011 onward when the parties did not begin bartering until late 2013." But we do not believe that the trial court specifically found that bartering began in 2011. Instead, we construe the trial court's findings as indicating that the parties' recurrent business relationship began in 2011 and that this relationship included some bartering without making a definitive finding as to when the bartering began. Thus, we disagree with Wise Technical's argument that the trial court clearly erred in finding bartering began in 2011, as the trial court did not make this finding.

Although we disagree with Wise Technical's assertion that the trial court found bartering began in 2011, we note why Wise Technical believes this matters since it impacts other arguments it makes which we discuss later.

According to Wise Technical, bartering did not begin until late 2013 rather than 2011 and:

> This is an important distinction because from 2011 to 2013, it was only acceptable for Tree Care to pay Wise Technical with money as indicated by the checks from that time period. Wise Technical became open to bartering around the time Tree Care ordered the totes in question, showing that bartering was the exception rather than the rule, and that there was always a foundation of paying for goods and services to the parties' business relationship.

(Appellant's brief, p. 18) (footnotes omitted). However, the trial court did not make findings that Tree Care was only allowed to pay with money before 2013 or when exactly Wise Technical became "open to bartering" or that "there was always a foundation of paying for goods and services" before 2013. Instead, the trial court made clear that it was unable to discern what the parties had agreed to, or how they were supposed to or did perform any alleged contractual obligations.

Other than the rejected assertion of error about when bartering began, Wise Technical does not argue that the trial court's factual findings (as opposed to its legal conclusions) are inaccurate—*i.e.*, not based on substantial evidence of record. Although Wise Technical takes issue with the trial court's legal conclusions and with what evidence the trial court considered—separate issues, which we discuss separately—we discern no clear error in the trial court's factual findings.

III.    *No Reversible Error in Trial Court's Conclusion that Wise Technical Failed to Establish All Elements of Breach of Contract Claim*

In its conclusions of law about the breach of contract claim, the trial court determined that Wise Technical was not entitled to prevail on its breach of contract claim because it failed to prove all elements of this claim. Although we would perhaps frame our discussion in different terms than the trial court, the trial court did not commit reversible error in reaching this conclusion about the breach of contract claim. Instead, its ultimate conclusion on this claim was consistent with its factual findings and not contrary to law. Thus, even though our reasoning may be slightly different than that set forth in the trial court's discussion under the conclusions of law heading, we affirm its conclusion of law that Wise Technical did not prevail on its breach of contract claim. *See generally Goetz v. Asset Acceptance, LLC*, 513 S.W.3d 342, 344-45 (Ky. App. 2016) (recognizing power of appellate courts to affirm lower court decision based on alternate grounds).

Even ignoring any evidence of Tree Care providing landscaping services to the Wises—especially any services rendered before the alleged delivery of the six totes in 2013 or 2014,[7] the trial court made findings supported by the

_____

[7] The trial court discussed in detail how the evidence was conflicting regarding whether and when Tree Care provided landscaping services on the Wises' property and if it had previously received payment—particularly at page 5, FN 9 and page 7, FN 11 of its judgment. And its judgment reflects it was clearly aware that the Wises disputed owing Tree Care anything for past services rendered, especially those dating back before 2013.

record which support its conclusion that Wise Technical could not establish all elements of its breach of contract claim. Assuming *arguendo* that some contract existed between the parties,[8] we see no reversible error in the trial court concluding that Wise Technical failed to prove breach or damages resulting from the breach—especially since the trial court noted the lack of conclusive proof that the six totes were actually delivered to Tree Care.

In its factual findings, the trial court noted David's testimony that Tree Care took delivery of the six totes in "one or two trips" but that David was unable to remember the precise dates of such trip or trips. (Judgment, p. 2). The trial court also noted the lack of any receipt or any other written record documenting that the delivery of the six totes took place. And it found that

---

[8] Given the lack of clear and definite terms perceived by the trial court, it arguably could have concluded that no contract existed. *See Kovacs v. Freeman,* 957 S.W.2d 251, 254 (Ky. App. 1997) ("Not every agreement or understanding rises to the level of a legally enforceable contract . . . . Under Kentucky law, an enforceable contract must contain definite and certain terms setting forth promises of performance to be rendered by each party."). *See also Veluzat v. Janes*, 462 S.W.2d 194, 196-97 (Ky. 1970) (to establish existence of a contract, one must show with some definiteness what the parties agreed to be bound to do—such as, what services are to be provided and when and for what consideration.). We decline to affirmatively determine whether or not a contract existed based on the record, since the trial court did not do so. But if a contract supposedly exists although its terms are indecipherable, this logically creates difficulties in proving that a party failed to comply with its terms and thus breached the contract.

Wise Technical argues in its brief that a contract should have been found to exist based on its perceptions of similarities with *Cornerstone*, *supra*, but we need not reach this argument. The trial court in the instant case did not affirmatively determine whether or not a contract existed. And regardless of whether a contract existed, the trial court here properly concluded that Wise Technical could not prevail on its breach of contract claim and this is supported by lack of conclusive proof of damage and breach.

although Hager did not deny placing the orders, he questioned whether Tree Care would have needed that much colorant (six totes) at once and expressed doubt that it would take delivery of that much colorant in the fall and winter due to limited demand for mulch at that time.

The trial court noted in a footnote that the invoice purportedly sent by Wise Technical to Tree Care was "the only business record documenting the placement or delivery of any orders from Tree Care for the six totes of mulch colorant." And it also noted that it could not determine when the invoice was created based on the "blurry screen shot of a computer entry" presented at trial. (Judgment, p. 3, FN 5).[9]

Although the trial court may not have explicitly found that the six totes of mulch colorant were not actually delivered to Tree Care, its findings clearly identify a lack of conclusive proof of actual delivery. And it did not make a clear, affirmative finding that the six totes were actually delivered to Tree Care. Given the trial court's findings about the uncertainty in the proof of record about whether and when the six totes were actually delivered, the trial court could have

---

[9] The blurry screen shot was the only copy of the invoice presented at trial from our review of the record. And we are aware that David Wise testified that due to the age of the invoice (dating back to a prior fiscal year), he could not print out a hard copy of the invoice from his computer due to the idiosyncrasies of his computer accounting software. Regardless, it was Wise Technical's obligation to offer legible, clear proof on its breach of contract claim, and its failure to do so—for whatever reason—may be a factor in ruling against it.

reasonably concluded that no breach or damage was shown on this basis alone—regardless of the evidence that Wise Technical billed Tree Care or otherwise sought payment for colorant which may or may not have been delivered.

Thus, given the lack of conclusive proof that the six totes were actually delivered, the record supports the trial court's conclusion that Wise Technical failed to establish all elements of its breach of contract claim, especially damages and breach. In other words, even if we assume that the trial court concluded an oral contract existed, we find no error in its conclusion that Wise Technical failed to meet its burden to show that Tree Care breached that contract's terms and thus damaged Wise Technical. So, we affirm the trial court's conclusion that Wise Technical could not prevail on its breach of contract claim.

IV. *As Wise Technical Fails to Show Preservation of Its Argument that the Trial Court Should Not Have Considered Evidence of Bartered Landscape Services (Particularly those Dating back past 2013) as Setoff and Does Not Request Palpable Error Review, We Decline to Reach this Argument*

Although brought up in the section of its brief purportedly arguing that the trial court's factual findings were clearly erroneous, Wise Technical goes beyond arguing that findings are not supported by evidence and argues that the trial court improperly considered evidence of "setoff." Wise Technical argues that the trial court should have recognized that Tree Care had the burden to prove it was entitled to a setoff:

The Circuit Court essentially found that Wise Technical did not succeed in disproving Tree Care's setoff theory even though (1) Tree Care did not present its compulsory counterclaim and therefore was barred from making the argument in the first place and (2) even if Tree Care had presented its compulsory counterclaim, Tree Care would have been the party with the burden to prove the existence of a setoff, not Wise Technical.

The Circuit Court should never have considered the factual allegations of Tree Care's setoff argument as Tree Care did not present these allegations in a counterclaim, and since Tree Care chose not to present the compulsory counterclaim, such an argument is now barred under *res judicata. DCI Props.-DKY, LLC v. Coppage Constr. Co.*, 465 S.W.3d 886, 889 (Ky. App. 2015), citing Ky. R. Civ. P. 13.01; Compulsory counterclaims. Defendants are not permitted to hide counterclaims until trial by failing to plead counterclaims in their answers and neglecting to list counterclaim damages in itemizations of damages. Since Tree Care hid this argument, Wise Technical had no notice of the counterclaim. Even if it was proper for Tree Care to make the setoff argument, the burden would be on Tree Care, not Wise Technical, to prove that Tree Care was entitled to a setoff. *Lyric Piano v. Purvis,* 241 S.W. 69, 70-71 (Ky. Ct. App. 1922); *see also Tuggle v. Davis,* 165 S.W.2d 844 (Ky. 1942). The Court interpreting the facts to mean otherwise was clearly erroneous.

(Appellant's Brief, pp. 18-19). And in response to Tree Care's argument that it did not seek to recover money from Wise Technical through a counterclaim but simply to defend itself, Wise Technical asserts in its reply brief that Tree Care failed to preserve setoff as an affirmative defense and that Tree Care would have the burden of proof on setoff as an affirmative defense.

Although Wise Technical presents these setoff issues within its argument section about the factual findings being clearly erroneous in its initial brief, these questions about what evidence the trial court might properly consider and who had the burden of proof are about the trial court's application of the law—not about whether its findings are supported by substantial evidence. Thus, we do not believe such arguments may be properly considered upon appeal if they were not raised to the trial court and thus were not properly preserved for review.

Wise Technical does not cite to the record[10] to indicate where it argued to the trial court that it should not even consider factual allegations (or evidence) of setoff or that Tree Care had the burden of proving it was entitled to a setoff as an affirmative defense. And from our review of its proposed findings of fact, conclusions of law and judgment, Wise Technical cited Tree Care's failure to file a compulsory counterclaim and criticized the evidence presented by Tree Care about landscaping services rendered, but it did not argue that the trial court could not even consider evidence of Tree Care providing such services. Nor did it argue that the trial court should only consider evidence of services provided after the six totes were allegedly shipped in late 2013 or early 2014 or that Tree Care had the burden of proving any setoff. In short, this is not just a question of whether the

---

[10] CR 76.12(4)(c)(v) requires that an appellant's brief "shall contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner."

trial court's findings were supported by evidence; there is no showing that these setoff-related arguments were presented to the trial court and preserved for review.

As the issue is not preserved for our review and Wise Technical has not requested review for palpable error under CR 61.02, we decline to review this issue as we perceive no extreme circumstances amounting to a substantial miscarriage of justice. *See Shepherd v. Com.*, 251 S.W.3d 309, 316 (Ky. 2008) ("Absent extreme circumstances amounting to a substantial miscarriage of justice, an appellate court will not engage in palpable error review pursuant to [Kentucky Rule of Criminal Procedure] RCr 10.26 unless such a request is made and briefed by the appellant."). *See also Nami Resources Company, L.L.C. v. Asher Land and Mineral, Ltd.*, 554 S.W.3d 323, 338 (Ky. 2018) ("The language of CR 61.02 is identical to its criminal law counterpart, RCr 10.26, and we interpret that language identically.").[11]

Our discussion has mainly concerned the breach of contract claim and the parties have not briefed in detail the validity of the trial court's handling of other claims. But Wise Technical generally asserts that the trial court's allegedly

---

[11] Although not binding precedent, at least one of our unpublished opinions has applied *Shepherd* in a civil context to hold that since palpable error review under CR 61.02 was not requested, we would only review the unpreserved issue to determine whether there were extreme circumstances amounting to a substantial miscarriage of justice. *See C.H. v. Cabinet for Health and Family Services*, No. 2015-CA-000098-ME, 2016 WL 1069037 at *4 (Ky. App. Mar. 18, 2016) (unpublished). *See also A.G. v. Cabinet for Health and Family Services*, No. 2018-CA-001218-ME, 2020 WL 2609985 at *4 (Ky. App. May 22, 2020) (unpublished) (discretionary review granted by Kentucky Supreme Court on October 22, 2020).

erroneous "interpretation of facts" impacts its other claims as well and requests reversal with directions to "only consider the facts properly presented in the record" on remand. But given the lack of conclusive evidence that the six totes were actually delivered to Tree Care and Wise Technical's failure to adequately preserve its arguments that evidence of landscape services should not be considered for purposes of setoff or that Tree Care had the burden of proving setoff, we see no reason to disturb the trial court's conclusion that Wise Technical was not entitled to prevail on any of its claims.

## **CONCLUSION**

For the foregoing reasons, the judgment of the Jefferson Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Garry R. Adams
Abigail V. Lewis
Louisville, Kentucky

BRIEF FOR APPELLEE:

Jason A. Dattilo
Louisville, Kentucky